UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CALIFORNIA ASSOCIATION OF PRIVATE POSTSECONDARY SCHOOLS, <br><br> Plaintiff, <br><br> v. <br><br> ELISABETH DEVOS, in her official capacity as Secretary of the U.S. Department of Education, and the U.S. DEPARTMENT OF EDUCATION, <br><br> Defendants, <br><br> MEAGHAN BAUER and STEPHANO DEL ROSE, <br><br> [Proposed] Borrower Defendant-Intervenors, <br><br> COMMONWEALTH OF MASSACHUSETTS, *et al.*, <br><br> [Proposed] State Defendant-Intervenors. | Civil Action No. 17-999 (RDM) |

**NOTICE OF SUPPLEMENTAL AUTHORITY
SUBMITTED BY PROPOSED BORROWER DEFENDANT-INTERVENORS**

Pursuant to this Court's standing order, ¶ 8(d), ECF No. 7, proposed defendant-intervenors Meaghan Bauer and Stephano Del Rose (the Borrowers) call the Court's attention to *U.S. House of Representatives v. Price*, No. 16-5202, 2017 WL 3271445 (D.C. Cir. Aug. 1, 2017).

In *Price*, the D.C. Circuit granted a motion filed by states and the District of Columbia (collectively, the States) to intervene of right and permissively as defendants in a suit in which the House of Representatives challenged reimbursements to insurers made by the Department of Health and Human Services in support of the Affordable Care Act (ACA). Of particular note, the Court determined that the States had standing because they had "shown a substantial risk that an

1

injunction requiring termination" of the ACA payments, which was "the relief sought," "would lead directly and imminently to an increase in insurance prices, which in turn will increase the number of uninsured individuals for whom the States will have to provide health care." *Id.* at 1. It also determined that the States had shown sufficient impairment of their interests for intervention because the requested injunction "would erect a roadblock to the States' goal of either persuading or compelling the Department to make the payments." *Id.* Moreover, the court of appeals concluded that the States had "raised sufficient doubt concerning the adequacy of the Department's representation of their interests" where "the Department nowhere argue[d] in its intervention papers that it [would] adequately protect the States' interests or even continue to prosecute the appeal." *Id.* at 2.

The *Price* decision supports the Borrowers' point that they have standing because the relief sought by CAPPS would substantially increase the likelihood that the Borrowers' school will seek to enforce the forced arbitration clause and class action waiver in their enrollment contracts. *See* Borrowers' Mot. to Intervene 7. It also supports the Borrowers' points that the relief sought by CAPPS would impair their interests, *id.* at 8, and that the Department of Education will not adequately represent the Borrowers' interests, *id.* at 8-9, *see also* Borrowers' Intervention Reply at 13.

Respectfully submitted,

| | /s/ *Julie A. Murray* |
|---|---|
| Toby R. Merrill | Julie A. Murray |
| Mass. BBO No. 601071 | D.C. Bar No. 1003807 |
| Amanda M. Savage | Scott L. Nelson |
| Mass. BBO No. 690938 | D.C. Bar No. 413548 |
| Alec P. Harris | Adam R. Pulver |
| Colo. Bar No. 47547 | D.C. Bar No. 1020475 (D.D.C. admission pending) |
| PROJECT ON PREDATORY STUDENT LENDING, LEGAL SERVICES CENTER OF HARVARD LAW SCHOOL | PUBLIC CITIZEN LITIGATION GROUP |
| 122 Boylston Street | 1600 20th Street NW |
| Jamaica Plain, MA 02130 | Washington, DC 20009 |
| (617) 522-3003 | (202) 588-1000 |
| tomerrill@law.harvard.edu | jmurray@citizen.org |

Dated: August 7, 2017