**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CALIFORNIA ASSOCIATION OF PRIVATE POSTSECONDARY SCHOOLS, <br><br>         Plaintiff, <br><br> v. <br><br> BETSY DEVOS, in her official capacity as Secretary of Education, and THE DEPARTMENT OF EDUCATION <br><br>         Defendants. | Civil Action No. 1:17-cv-999 (RDM) |

## <u>ANSWER</u>

Defendants the United States Department of Education ("Department") and Betsy DeVos, in her official capacity as Secretary of Education ("Secretary"), by and through undersigned counsel, hereby answer Plaintiff's Complaint and Prayer for Declaratory and Injunctive Relief ("Complaint"). Defendants note that the Court's review in this action is limited solely to the administrative record, rather than the allegations of the parties in their respective pleadings. Defendants answer the numbered paragraphs of the Complaint as follows:

1.      The first sentence of this paragraph consists of a characterization of the Complaint and conclusions of law, not allegations of fact to which a response is required. As to the second sentence, admit that the Department promulgated a regulation concerning student borrower defenses on November 1, 2016 ("Final Rule") pursuant to its authority under Title IV of the Higher Education Act of 1965 ("HEA"). The remainder of this sentence consists of Plaintiff's characterization of the HEA and conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the cited statutory provision for a full and

accurate statement of its contents. The third sentence consists of conclusions of law, to which no response is required.

2.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4.      The first and third sentences of this paragraph consist of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.  As to the second sentence, admit that costs may increase for some schools under the Final Rule.  The remainder of the second sentence consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.

5.      This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

6.      The first and second sentences of this paragraph consist of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.  As to the third sentence, admit that some persons and/or entities, including organizations representing historically black colleges and universities, have expressed concern about the expected cost and burdens of the Final Rule, but otherwise deny the remaining allegations.

7.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of this paragraph.  The fourth and fifth sentences consist of Plaintiff's characterizations of the Final Rule and conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.  As to the sixth sentence, admit that in the Final Rule, the Department estimated that the annual transfers from institutions to students, via the federal government, as reimbursement for successful borrower defense claims will be $994 million.  The remainder of the sixth sentence consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.  As to the seventh sentence, admit that in the Final Rule, the Department estimated that the net budget impact of borrower defense discharges for loans originated in the 2017 to 2026 fiscal years will be $14.9 billion dollars.  As to the eighth sentence, Defendants lack knowledge or information sufficient to form a belief as to what is "necessary and important" to the Plaintiff.  The ninth sentence consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.

8.      The first, second, fourth, and sixth sentences of this paragraph consist of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.  The third sentence consists of Plaintiff's characterization of Title IV regulations and conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the cited regulations for a full and accurate statement of

their contents.  The fifth sentence consists of conclusions of law, not allegations of fact to which a response is required.

9.     This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

10.     The first, second, fourth, and fifth sentences of this paragraph consist of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.  As to the third sentence, Defendants admit that the Department and Congress support income-based student loan repayment plans.  The remainder of the third sentence consists of Plaintiff's characterization of public comments in the rulemaking record, not allegations of fact to which a response is required; Defendants respectfully refer the Court to those comments for a full and accurate statement of their contents.  Defendants deny the allegations in the sixth sentence and respectfully refer the Court to the Final Rule for a full and accurate statement of the Department's rationale for the rule.

11.     This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact which a response is required; Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

12.     This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

13.     Defendants deny the allegations contained in the first sentence of this paragraph.  As to the second and third sentences, admit that the Secretary provided for a 45-day comment

period for the challenged regulation and received more than 10,000 comments; otherwise, deny Plaintiff's characterization of the comment period and the Final Rule.  As to the fourth sentence, admit that the Department read and considered each comment submitted during the comment period and responded to each material comment; otherwise, deny Plaintiff's characterization of the Department's review process.  As to the fifth sentence, admit.  As to the sixth sentence, Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation about how long the "OMB review process generally takes."  As to the seventh sentence, admit that in the Final Rule the Department estimated that the net budget impact of borrower defense discharges for loans originated in the 2017 to 2026 fiscal years will be $14.9 billion dollars and that OMB review was completed on October 26, 2016; otherwise, deny Plaintiff's characterization of the OMB review process.

14.     As to the first sentence of this paragraph, Defendants admit that the presidential election occurred on November 8, 2016.  The remainder of the allegations in the first sentence consist of Plaintiff's characterization of the rulemaking process and conclusions of law, not allegations of fact to which a response is required; Defendants refer the Court to the Final Rule and the HEA for a full and accurate statement of their contents.  Defendants deny the allegations contained in the second sentence of this paragraph.

15.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

16.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

17.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

18.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

19.     This paragraph consists of a request for relief, not allegations of fact to which a response is required.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, third, fourth, fifth, and seventh sentences of this paragraph, other than to admit that CAPPS members that are subject to the Final Rule must devote the resources necessary to comply with its requirements.  The sixth, eighth, ninth, tenth, and eleventh sentences consists of conclusions of law, not allegations of fact to which a response is required.

21.     As to the first three sentence, admit.  As to the fourth sentence, admit that the Secretary of Education is responsible for promulgating the Final Rule.

22.     Defendants admit the allegations contained in the first and third sentences of this paragraph.  The second sentence consists of a conclusion of law, not an allegation of fact to which a response is required.

23.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

24.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

29.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph.  As to the remaining allegations in this paragraph, Defendants admit that proprietary institutions are regulated federally and at the state level, but aver that the remainder of the allegations consist of conclusions of law, to which no response is required, and refer the Court to the cited statutory and regulatory provisions for a full and accurate statement of their contents.

30.     This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

31.     To the extent this paragraph alleges that the challenged regulations are "unlawful and detrimental," it consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Further, Defendants lack knowledge or information sufficient to form a belief as to what harm, if any, might befall students if and when "schools begin to close in large numbers" at some point in the future.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendants respectfully refer to the Court to the cited public comment for a full and accurate statement of its contents.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

34.     As to the first sentence, Defendants admit that some proprietary schools enroll students which other schools might label as "at risk," and that some of those students might graduate.  The second sentence consists of Plaintiff's characterization of a newspaper article, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the article for a full and accurate statement of its contents.

35.     Defendants admit that the quoted language appears in the Federal Register and respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

36.     This paragraph consists of Plaintiff's characterization of the challenged regulations and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the challenged regulations for a full and accurate statement of their contents.

37.     The first sentence of this paragraph consists of Plaintiff's characterization of the HEA and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the cited statutory provision for a full and accurate statement of its contents.  As to the second sentence, admit.

38.     The first three sentences of this paragraph consist of Plaintiff's characterization of a study from the National Center for Education Statistics, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the cited study for a full and accurate statement of its contents.  As to the fourth sentence, Defendants lack knowledge or information sufficient to form a belief as to what are, in Plaintiff's opinion, "the most familiar loan and grant programs," and respectfully refer the Court to Title IV for a full and accurate statement of its constituent programs.

39.     This paragraph consists of Plaintiff's characterization of the HEA and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the cited statutory provisions for a full and accurate statement of their contents.

40.     This paragraph consists of Plaintiff's characterization of the HEA and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the cited statutory provisions for a full and accurate statement of their contents.

41.     This paragraph consists of Plaintiff's characterization of the HEA and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the cited statutory provisions for a full and accurate statement of their contents.

42.     This paragraph consists of Plaintiff's characterization of the HEA and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the cited statutory provisions for a full and accurate statement of their contents.

43.     This paragraph consists of Plaintiff's characterization of Title IV regulations and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the cited regulations for a full and accurate statement of their contents.

44.     This paragraph consists of Plaintiff's characterization of the HEA and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the cited statutory provisions for a full and accurate statement of their contents.

45.     The first two sentences of this paragraph consist of Plaintiff's characterization of the HEA and conclusions of law, not allegations of fact to which a response is required. Defendants respectfully refer the Court to the cited statutory provisions for a full and accurate statement of their contents.  The third sentence consists of Plaintiff's characterization of the Higher Education Opportunity Act and conclusions of law, not allegations of fact to which a response is

required.  Defendants respectfully refer the Court to the cited statutory provision for a full and accurate statement of its contents.

46.    The first sentence of this paragraph consists of Plaintiff's characterization of a Title IV regulation and/or statute, as well as conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the cited regulation for a full and accurate statement of its contents.  The remainder of this paragraph consists of Plaintiff's characterization of the Department's Federal Student Aid Handbook and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the cited Handbook for a full and accurate statement of its contents.

47.    This paragraph consists of Plaintiff's characterization of the HEA and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the cited statutory provisions for a full and accurate statement of their contents.

48.    This paragraph consists of Plaintiff's characterization of the HEA and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the cited statutory provisions for a full and accurate statement of their contents.

49.    This paragraph consists of Plaintiff's characterization of the HEA and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the cited statutory provisions for a full and accurate statement of their contents.

50.    This paragraph consists of Plaintiff's characterization of the HEA and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the HEA for a full and accurate statement of its contents.

51.    Deny.

52.     This paragraph consists of Plaintiff's characterization of the HEA and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the cited statutory provision for a full and accurate statement of its contents.

53.     This paragraph consists of Plaintiff's characterization of the HEA and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the cited statutory provision for a full and accurate statement of its contents.

54.     Defendants admit that it attempted to reach consensus, according to the process required by the HEA.  Defendants respectfully refer the Court to the cited statutory provision for a full and accurate statement of its contents.  As to the second sentence, Defendants admit that only one group on the negotiating committee, consisting of two individuals, specifically represented the interests of proprietary schools.

55.     Defendants admit the first sentence of this paragraph.  As to the second sentence, Defendants admit that arbitration and class action waiver provisions were first raised by a negotiator during the negotiated rulemaking process, and that no additional committee members were added thereafter.  Defendants otherwise deny the allegations in this paragraph.

56.     As to the first two sentences, Defendants admit that after the committee did not reach consensus on proposed regulations and the regulatory negotiation process ended, the Department published a Notice of Proposed Rulemaking in the Federal Register on June 16, 2016.  Defendants admit the allegations in the third and fourth sentences.  As to the fifth sentence, admit that the Department stated that it was working towards publishing final regulations by November 1.

57.     As to the first sentence, Defendants admit that the Department provided for a 45-day comment period, and aver that the Defendants lack knowledge or information sufficient to

form a belief as to Plaintiff's perception of the "scope" of the "regulatory effort" or the magnitude

the rule's "impact."   The second and third sentences consist of Plaintiff's characterization of an

executive order and the Final Rule, as well as conclusions of law, not allegations of fact to which

a response is required; Defendants respectfully refer the Court to the cited executive order for a

full and accurate statement of its contents.

58.   Defendants admit that the Department received more than 10,000 comments

addressing the proposed regulations, and otherwise deny Plaintiff's characterization of the

comment period.

59.   Defendants admit that several persons/entities submitted comments objecting to the

Notice of Proposed Rulemaking.   Defendants further admit that Representative Price and Senator

Enzi sent the referenced letter to the Department.   The remainder of the allegations in this

paragraph consist of Plaintiff's characterization of those public comments and the letter, not

allegations of fact to which a response is required; Defendants respectfully refer the Court to the

public comments and the letter for a full and accurate statement of their contents.

60.   Defendants admit that the Department submitted a final draft of the proposed rule

to the Office of Budget Management ("OMB") on September 12, 2016, 42 days after the comment

period closed.   Otherwise deny Plaintiff's characterization of the comment period and aver that the

allegations concerning the Department's obligation to review comments are conclusions of law,

not allegations of fact to which a response is required.

61.   The first sentence of this paragraph consists of Plaintiff's characterization of an

executive order and conclusions of law, not allegations of fact to which a response is required.;

Defendants respectfully refer the Court to the cited executive order for a full and accurate statement

of its contents.   As to the second sentence, admit that OMB completed its review on October 26,

2016, 44 days after the rule was submitted for review, and that in the Final Rule the Department estimated that the net budget impact of borrower defense discharges for loans originated in the 2017 to 2026 fiscal years will be $14.9 billion dollars. Otherwise, deny Plaintiff's characterization of the OMB review process.

62.     Defendants admit the first sentence of this paragraph. The remainder of this paragraph consists of Plaintiff's characterization of the Final Rule and another regulation published in the Federal Register, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the challenged regulations for a full and accurate statement of their contents.

63.     The first sentence of this paragraph consists of Plaintiff's characterization of the HEA and conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the cited statutory provision for a full and accurate statement of its contents. As to the second sentence, deny.

64.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

65.     Deny.

66.     This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

67.     The first two sentences of this paragraph consist of Plaintiff's characterization of the Final Rule, prior regulations, and conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the Final Rule and those prior regulations for a full and accurate statement of their contents. The third and fourth sentences consist of

Plaintiff's characterization of previously enacted Title IV regulations and conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the cited regulations for a full and accurate statement of their contents.

68.     This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

69.     This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the text of the regulation for a full and accurate statement of its contents.

70.     This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the text of the regulation for a full and accurate statement of its contents.

71.     This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the text of the regulation for a full and accurate statement of its contents.

72.     This paragraph consists of Plaintiff's characterization of regulations published in the Federal Register and conclusions of law, not allegations of fact to which a response is required. Defendants respectfully refer the Court to the relevant portion of the Federal Register and the challenged regulations, in their entirety, for a full and accurate statement of their contents.

73.     This paragraph consists of Plaintiff's characterization of the HEA and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the cited statutory provision for a full and accurate statement of its contents.

74.     The first sentence of this paragraph consists of Plaintiff's characterization of the HEA and conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the cited statutory provision for a full and accurate statement of its contents.  The remainder of the allegations in this paragraph consist of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

75.     This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

76.     This paragraph consists of Plaintiff's characterization of the Final Rule and other Title IV regulations, as well as conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the text of the regulation for a full and accurate statement of its contents.

77.     This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

78.     This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

79.     This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

80.     This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

81.     This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

82.     This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the text of the regulation for a full and accurate statement of its contents.

83.     The first two sentences of this paragraph consist of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the text of the regulation for a full and accurate statement of its contents.   The third sentence consists of Plaintiff's characterization of the gainful employment regulations and conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the gainful employment regulations for a full and accurate statement of their contents.

84.     This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

85.     This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  To the extent a response is deemed necessary, Defendants deny any characterization, lack knowledge or information

sufficient to form a belief as to what institutions of higher education have a "way of knowing," and respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

86.     This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

87.     This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  To the extent a response is deemed necessary, Defendants deny any characterization, lack knowledge or information sufficient to form a belief as to what is clear or unclear to the Plaintiff, and respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

88.     The first two sentences of this paragraph consist of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.  The third sentence consists of a conclusion of law, to which no response is required.

89.     This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

90.     The first three sentences of this paragraph consist of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.  As to the fourth sentence, Defendants deny the allegations and respectfully refer the court to the Final Rule for a full and accurate statement of the Department's rationale for the rule.

91.     This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the text of the regulation for a full and accurate statement of its contents.

92.     This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

93.     This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

94.     This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

95.     This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

96.     This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the text of the regulation for a full and accurate statement of its contents.

97.     This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the text of the regulation for a full and accurate statement of its contents.

98.     This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully

refer the Court to the text of the regulation for a full and accurate statement of its contents.

99.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

100.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

101.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

102.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent a response is deemed necessary, Defendants admit that the Department cited Section 455(h) of the HEA as authority for the challenged regulations, and respectfully refer the Court to the HEA for a full and accurate statement of its contents.

103.     This paragraph consists of Plaintiff's characterization of the HEA and conclusions of law, not allegations of fact to which a response is required.

104.     This paragraph consists of Plaintiff's characterization of the HEA and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the text of the statute for a full and accurate statement of its contents.

105.     This paragraph consists of Plaintiff's characterization of the HEA and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the text of the statute for a full and accurate statement of its contents.

106.     This paragraph consists of Plaintiff's characterization of the HEA and the Final Rule, as well as conclusions of law, not allegations of fact to which a response is required. Defendants respectfully refer the Court to the text of the statute and the Final Rule for a full and accurate statement of their contents.

107.    This paragraph consists of Plaintiff's characterization of the HEA and its supporting regulations, as well as conclusions of law, not allegations of fact to which a response is required. Defendants respectfully refer the Court to the text of the statute and the regulations for a full and accurate statement of their contents.

108.    This paragraph consists of Plaintiff's characterization of the HEA and the Final Rule, as well as conclusions of law, not allegations of fact to which a response is required. Defendants respectfully refer the Court to the text of the statute and the Final Rule for a full and accurate statement of their contents.

109.    This paragraph consists of Plaintiff's characterization of the HEA and the Final Rule, as well as conclusions of law, not allegations of fact to which a response is required. Defendants respectfully refer the Court to the text of the statute and the Final Rule for a full and accurate statement of their contents.

110.    This paragraph consists of Plaintiff's characterization of the HEA and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the text of the statute for a full and accurate statement of its contents.

111.    This paragraph consists of Plaintiff's characterization of the HEA and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the text of the statute for a full and accurate statement of its contents.

112.    This paragraph consists of Plaintiff's characterization of the General Education Provisions Act ("GEPA"), the Organization Act, and the Final Rule, as well as conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the cited statutory provisions and the Final Rule for a full and accurate statement of their contents.

113.    This paragraph consists of Plaintiff's characterization of the Organization Act and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the text of the statute for a full and accurate statement of its contents.

114.    This paragraph consists of Plaintiff's characterization of the HEA and the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the referenced statutes and the Final Rule for a full and accurate statement of their contents.

115.    This paragraph consists of Plaintiff's characterization of the HEA and the Final Rule, as well as conclusions of law, not allegations of fact to which a response is required. Defendants respectfully refer the Court to the text of the statute and the Final Rule for a full and accurate statement of their contents.

116.    This paragraph consists of Plaintiff's characterization of the HEA and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the text of the statute for a full and accurate statement of its contents.

117.    This paragraph consists of Plaintiff's characterization of the HEA and the Final Rule, as well as conclusions of law, not allegations of fact to which a response is required. Defendants respectfully refer the Court to the text of the statute and the Final Rule for a full and accurate statement of their contents.

118.    This paragraph consists of Plaintiff's characterization of the HEA and the Final Rule, as well as conclusions of law, not allegations of fact to which a response is required. Defendants respectfully refer the Court to the text of the HEA and the Final Rule for a full and accurate statement of their contents.

119.    This paragraph consists of Plaintiff's characterization of the HEA and the requirements of the common law, as well as conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the relevant statutory provisions for a full and accurate statement of their contents.

120.    This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the text of the HEA and the Final Rule for a full and accurate statement of their contents.

121.    This paragraph consists of Plaintiff's characterization of the HEA and the Final Rule, as well as conclusions of law, not allegations of fact to which a response is required. Defendants respectfully refer the Court to the text of the HEA and Final Rule for a full and accurate statement of their contents.

122.    This paragraph consists of Plaintiff's characterization of the HEA and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the text of the statute for a full and accurate statement of its contents.

123.    This paragraph consists of Plaintiff's characterization of the HEA and the Final Rule, as well as conclusions of law, not allegations of fact to which a response is required. Defendants respectfully refer the Court to the text of the HEA and the text of the Final Rule for a full and accurate statement of their contents.

124.    This paragraph consists of Plaintiff's characterization of the HEA and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the text of the statute for a full and accurate statement of its contents.

125.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent a response is deemed necessary, deny.

126.    This paragraph consists of Plaintiff's characterization of the HEA and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the text of the statute for a full and accurate statement of its contents.

127.    The first sentence of this paragraph consists of Plaintiff's characterization of the Final Rule, not allegations of fact to which a response is required.  The second sentence consists of Plaintiff's characterization of the HEA and conclusion of law, to which no response is required; Defendants respectfully refer the Court to the text of the statute for a full and accurate statement of its contents.

128.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

129.    This paragraph consists of Plaintiff's characterization of the HEA and the Final Rule, as well as conclusions of law, not allegations of fact to which a response is required. Defendants respectfully refer the Court to the text of the statute and the Final Rule for a full and accurate statement of their contents.

130.    This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the text of the Federal Arbitration Act ("FAA") and the Final Rule for a full and accurate statement of their contents.

131.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

132.    This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the text of the FAA and the Final Rule for a complete and accurate statement of their contents.

133.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

134.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

135.    This paragraph consists of Plaintiff's characterization of the Final Rule, the Notice of Proposed Rulemaking, and the current Title IV regulations, as well as conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the cited regulations and portions of the Federal Register for a full and accurate statement of their contents.

136.    The first three sentences of this paragraph consist of Plaintiff's characterization of the challenged regulations, not allegations of fact to which a response is required.  As to the fourth sentence, admit that the borrower defense provision was added to the HEA by the Omnibus Budget Reconciliation Act of 1993, Pub. L. 103-66, 107 Stat. 351 (enacted Aug. 10, 1993), the same law which created the Federal Direct Loan Program and which also provided that Direct Loans would generally have the "same terms, conditions and benefits" as FFEL Loans.  Defendants admit that the referenced language in the FFEL program promissory notes was added in 1994, and that FFEL program promissory notes were not used in the Direct Loan program at that time.  As to the fifth sentence, Defendants lack knowledge or information sufficient to form a belief as to what is clear

or unclear to the Plaintiff.  The sixth sentence consists of conclusions of law, to which no response is required.

137.    This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  To the extent a response is deemed necessary, Defendants deny that the Department engaged in arbitrary and capricious rulemaking.

138.    This paragraph consists of Plaintiff's characterization of the Notice of Proposed Rulemaking and conclusions of law, not allegations of fact to which a response is required. Defendants respectfully refer the Court to the relevant portions of the Federal Register for a full and accurate statement of their contents.

139.    This paragraph consists of Plaintiff's characterization of the Final Rule, as well as conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the relevant portions of the Final Rule for a full and accurate statement of their contents.

140.    This paragraph consists of Plaintiff's characterization of the Final Rule and well as conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

141.    The first, third, and fourth sentences of this paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required; Defendants refer the Court to the Final Rule for a full and accurate statement of its contents.  Defendants admit the second sentence.

142.    This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

143.    This paragraph consists of Plaintiff's characterization of portions of the Federal Register and the challenged regulations, as well as conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the relevant portions of the Federal Register and the challenged regulations, in their entirety, for a full and accurate statement of their contents.

144.    This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

145.    This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

146.    This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to what is clear or unclear to the Plaintiff, and respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

147.    The first sentence of this paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  The second sentence consists of Plaintiff's characterization of the Notice of Proposed Rulemaking and court decisions, to which no response is required; Defendants respectfully refer the Court to the

Notice of Proposed Rulemaking and the cited decisions for a full and accurate statement of their contents.  As to the third sentence, Defendants lack knowledge or information sufficient to form a belief as to what is clear or unclear to the Plaintiff.

148.   This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

149.   This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

150.   This paragraph consists of Plaintiff's characterization of as the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

151.   This paragraph consists of Plaintiff's characterization of the Final Rule and the rulemaking process, as well as conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the Final Rule and relevant statutory provisions for a full and accurate statement of their contents.

152.   This paragraph consists of Plaintiff's characterization of the rulemaking process and the challenged regulations, as well as conclusions of law, not allegations of fact to which a response is required.  Defendants refer the Court to, the Notice of Proposed Rulemaking, and the challenged regulations for a full and accurate statement of their contents.

153.   This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of their contents.

154.    This paragraph consist of Plaintiff's characterization of the rulemaking process and the Final Rule, as well as conclusions of law, not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Notice of Proposed Rulemaking and the Final Rule for a full and accurate statement of their contents.

155.    This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

156.    This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

157.    This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

158.    This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the challenged regulations for a full and accurate statement of their contents.

159.    The first sentence of this paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court the Final Rule for a full and accurate statement of its contents.  The second and third sentences consist of conclusions of law, not allegations of fact to which a response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence.

160.   The first, second, third, fifth, and sixth sentences of this paragraph consist of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.  The fourth sentence consists of Plaintiff's characterization of public comments responding to the proposed rule, to which no response is required; Defendants respectfully refer the Court to the public comments for a full and accurate statement of their contents.

161.   The first and second sentences of this paragraph consist of Plaintiff's characterization of the challenged regulations and conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the challenged regulations for a full and accurate statement of their contents.  As to the third and fourth sentences, Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's speculative assertions about what "plaintiff states, private parties, and their attorneys" could potentially do in the future, or what institutions "could be compelled" to do at some unspecified future date. Defendants deny the allegations in the fifth sentence of this paragraph.

162.   This paragraph consists of Plaintiff's characterization of the challenged regulations and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the text of the challenged regulations for a full and accurate statement of their contents.

163.   This paragraph consists of Plaintiff's characterization of the challenged regulations, the public comments submitted in response to the proposed rule, and the evidence in the record, as well as conclusions of law, not allegations of fact to which a response is required.  Defendants

respectfully refer the Court to the referenced documents for a full and accurate statement of their contents.

164.    The first, third, and fourth sentences of this paragraph consist of Plaintiff's characterization of the challenged regulations and conclusions of law, not allegations of fact to which a response is required; Defendants refer the Court to the challenged regulations for a full and accurate statement of their contents.  As to the second sentence, Defendants admit that the quoted language appears in the cited law review article, and respectfully refer the Court to that article for a full and accurate statement of its contents.

165.    The first two sentences of this paragraph consist of Plaintiff's characterization of the challenged regulations and conclusions of law, not allegations of fact to which a response is required; Defendants refer the Court to the challenged regulations for a full and accurate statement of their contents.  Defendants lack knowledge or information sufficient to form a belief as to the third and fourth sentences of this paragraph.

166.    This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

167.    This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

168.    This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

169.    As to the first sentence of this paragraph, Defendants deny that the financial responsibility provisions of the challenged regulations are "troubling and inadequately justified," and refer the Court to the cited study for a full and accurate statement of its contents.  As to the second sentence, Defendants lack knowledge or information sufficient to form a belief as to what is clear or unclear to the Plaintiff.   The third and fourth sentences consist of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

170.    This paragraph consists of Plaintiff's characterization of portions of the Federal Register and the challenged regulations, as well as conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the relevant provisions of the Federal Register and the challenged regulations for a full and accurate statement of their contents.

171.    As to the first two sentences of this paragraph, Defendants admit that some entities submitted comments responding to the proposed rule, and respectfully refer the Court to the cited public comments for a full and accurate statement of their contents.  The third sentence consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.

172.    The first, second, sixth, and seventh sentences of this paragraph consist of Plaintiff's characterization of the challenged regulations and conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the challenged regulations for a full and accurate statement of their contents.  The third sentence consists of Plaintiff's characterization of public comments submitted in response to the proposed rule;

Defendants respectfully refer the Court to those comments for a full and accurate statement of their contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth and fifth sentences.

173.   This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

174.   This paragraph consists of Plaintiff's characterization of the challenged regulations and the HEA, as well as conclusions of law, not allegations of fact to which a response is required. Defendants respectfully refer the Court to the HEA and the challenged regulations for a full and accurate statement of their contents.

175.   This paragraph consists of Plaintiff's characterization of the challenged regulations and conclusions of law, not allegations of fact to which a response is required. Defendants respectfully refer the Court to the challenged regulations for a full and accurate statement of their contents.

176.   This paragraph consists of Plaintiff's characterization of as the Final Rule and conclusions of law, not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

177.   The first and fourth sentences of this paragraph consist of Plaintiff's characterization of the challenged regulations and conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the text of the regulations for a full and accurate statement of their contents. As to the second sentence, admit. As to the third sentence, Defendants admit that some borrowers enrolled in income-based repayment plans

have outstanding loan balances that are greater than their original loan balance and respectfully refer the Court to the cited website for a full and accurate statement of its contents.

178.    This paragraph consists of Plaintiff's characterization of the challenged regulations and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the text of the regulations for a full and accurate statement of their contents.

179.    This paragraph consists of Plaintiff's characterization of the challenged regulations and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the challenged regulations for a full and accurate statement of their contents.

180.    Defendants admit the first sentence of this paragraph.  The second sentence consists of Plaintiff's characterization of a portion of the Federal Register, not allegations of fact to which a response is required.  Defendants deny the allegations in the third sentence and respectfully refer the Court to the Final Rule for a full and accurate statement of the Department's rationale for the rule.

181.    This paragraph consists of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

182.    The first and fourth sentences of this paragraph consist of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.  As to the third sentence, Defendants

admit that some entities submitted comments regarding various aspects of the proposed rule and respectfully refer the Court to those public comments for a full and accurate statement of their contents.

183. The first and third sentences of this paragraph consist of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.  As to the second sentence, admit that student borrowers have discretion in paying down their loans.

184. This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

185. This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

186. The first sentence of this paragraph consists of Plaintiff's characterization of federal regulations and conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the cited regulations for a full and accurate statement of their contents.  As to the second sentence, deny.

187. This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

188. The first, second, third, fourth, fifth, and seventh sentences of this paragraph consists of Plaintiff's characterization of portions of the Federal Register, the challenged regulations, and a Consumer Finance Protection Bureau ("CFPB") report, as well as conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the relevant portions of the Federal Register, the challenged regulations, and the CFPB

report for a full and accurate statement of their contents.  The sixth sentence consists of Plaintiff's characterization of a section on the CFPB's website, and Defendants respectfully refer the Court to the cited web page for a full and accurate statement of its contents.

189.     This paragraph consists of Plaintiff's characterization of a CFPB study, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the cited study for a full and accurate statement of its contents.

190.     This paragraph consists of Plaintiff's characterization of the challenged regulations and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the challenged regulations for a full and accurate statement of their contents.

191.     This paragraph consists of Plaintiff's characterization of the Notice of Proposed Rulemaking and the Final Rule, as well as conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the relevant portions of the Notice of Proposed Rulemaking and the Final Rule for a full and accurate statement of their contents.

192.     This paragraph consists of Plaintiff's characterization of the challenged regulations and conclusions of law, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the challenged regulations for a full and accurate statement of their contents.

193.     The first sentence of this paragraph consists of conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the challenged regulations for a full and accurate statement of their contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of this paragraph.

194.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

195.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

196.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

197.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

198.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

199.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

200.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

201.    The first, second, third, fourth, fifth, and seventh sentences of this paragraph consist of Plaintiff's characterization of the Final Rule and conclusions of law, not allegations of fact to which a response is required; Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.  Also, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, as well as the allegations in the sixth sentence.

202.    This paragraph merely repeats, realleges, and incorporates all preceding paragraphs.  To the extent a response is deemed necessary, Defendants refer the Court to their responses to specific preceding paragraphs.

203.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

204.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

205.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

206.    This paragraph merely repeats, realleges, and incorporates all preceding paragraphs.  To the extent a response is deemed necessary, Defendants refer the Court to their responses to specific preceding paragraphs.

207.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

208.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

209.    This paragraph merely repeats, realleges, and incorporates all preceding paragraphs.  To the extent a response is deemed necessary, Defendants refer the Court to their responses to specific preceding paragraphs.

210.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

211.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

212.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

213.   This paragraph merely repeats, realleges, and incorporates all preceding paragraphs.  To the extent a response is deemed necessary, Defendants refer the Court to their responses to specific preceding paragraphs.

214.   This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

215.   This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

216.   This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

217.   This paragraph merely repeats, realleges, and incorporates all preceding paragraphs.  To the extent a response is deemed necessary, Defendants refer the Court to their responses to specific preceding paragraphs.

218.   This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

219.   This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

220.   This paragraph merely repeats, realleges, and incorporates all preceding paragraphs.  To the extent a response is deemed necessary, Defendants refer the Court to their responses to specific preceding paragraphs.

221.   This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

222.   This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

223.    This paragraph merely repeats, realleges, and incorporates all preceding paragraphs.  To the extent a response is deemed necessary, Defendants refer the Court to their responses to specific preceding paragraphs.

224.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

225.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

226.    This paragraph merely repeats, realleges, and incorporates all preceding paragraphs.  To the extent a response is deemed necessary, Defendants refer the Court to their responses to specific preceding paragraphs.

227.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

228.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

229.    This paragraph merely repeats, realleges, and incorporates all preceding paragraphs.  To the extent a response is deemed necessary, Defendants refer the Court to their responses to specific preceding paragraphs.

230.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

231.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

232.     This paragraph merely repeats, realleges, and incorporates all preceding paragraphs.  To the extent a response is deemed necessary, Defendants refer the Court to their responses to specific preceding paragraphs.

233.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

234.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

235.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

236.     This paragraph merely repeats, realleges, and incorporates all preceding paragraphs.  To the extent a response is deemed necessary, Defendants refer the Court to their responses to specific preceding paragraphs.

237.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

238.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

239.     This paragraph merely repeats, realleges, and incorporates all preceding paragraphs.  To the extent a response is deemed necessary, Defendants refer the Court to their responses to specific preceding paragraphs.

240.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

241.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

242.    This paragraph, including subparts (i) through (vi), constitutes a Prayer for Relief, to which no response is required.

Defendants hereby deny any and all allegations in Plaintiff's Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1.    The Court lacks subject-matter jurisdiction over this action.

2.    Plaintiff has failed to exhaust its administrative remedies.

3.    The Complaint fails to state a claim upon which relief may be granted.

4.    Defendants' actions are fully consistent with applicable law.

THEREFORE, having fully answered, Defendants assert that Plaintiff is not entitled to the relief requested, or to any relief whatsoever, and request that this action be dismissed with prejudice and the Defendants be given such other relief as the Court deems just and proper.

Dated: September 6, 2017                    Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ R. Charlie Merritt*
R. CHARLIE MERRITT (VA Bar # 89400)
KAREN S. BLOOM (DC Bar # 499425)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC  20530
Tel:  (202) 616-8098
Fax:  (202) 616-8470
E-mail: robert.c.merritt@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2017, a copy of the foregoing pleading was filed electronically via the Court's ECF system which sent notification of such filing to counsel of record.

*/s/ R. Charlie Merritt*
R. CHARLIE MERRITT (VA Bar # 89400)
KAREN S. BLOOM (DC Bar # 499425)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC 20530
(202) 616-8098
robert.c.merritt@usdoj.gov

*Counsel for Defendants*