*Calif. Ass'n of Private Postsecondary Schools v. DeVos*, No. 17-cv-00999-RDM
(D.D.C.)

**SUPPLEMENTAL EXHIBIT TO MEAGHAN BAUER AND
STEPHANO DEL ROSE'S MOTION TO INTERVENE (Doc. 22)**

**PROPOSED ANSWER**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CALIFORNIA ASSOCIATION OF PRIVATE POSTSECONDARY SCHOOLS, | ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | |
| ELISABETH DEVOS, in her official capacity as Secretary of the U.S. Department of Education, and the U.S. DEPARTMENT OF EDUCATION, | ) ) ) ) ) | Civil Action No. 17-999 (RDM) |
| *Defendants*, | ) ) | |
| MEAGHAN BAUER and STEPHANO DEL ROSE, | ) ) ) | |
| *Borrower Defendant-Intervenors*, | ) ) | |
| COMMONWEALTH OF MASSACHUSETTS, *et al.*, | ) ) ) | |
| *State Defendant-Intervenors*. ) | ) | |

**ANSWER OF BORROWER DEFENDANT-INTERVENORS**

Defendant-intervenors Meaghan Bauer and Stephano Del Rose (the Borrowers) answer plaintiff's complaint for declaratory and injunctive relief as follows:

**INTRODUCTION[1]**

1.     The first and second sentences set forth plaintiff's characterization of its case, to which no response is required. To the extent a response is required, the Borrowers admit the first and second sentences. The third sentence sets forth plaintiff's legal claim, to which no response is required. If a response is required, the Borrowers deny that the regulations exceed the

---

[1] For convenience of reference, this Answer incorporates the main section headings of the Complaint, but omits the Complaint's subheadings, many of which are argumentative and none of which requires response.

Department's authority or violate the Administrative Procedure Act (APA) or the U.S. Constitution.

2.      The Borrowers lack sufficient knowledge or information to admit or deny the allegations contained in this paragraph and, therefore, deny them on that basis.

3.      The Borrowers lack sufficient knowledge or information to admit or deny the allegations contained in this paragraph and, therefore, deny them on that basis.

4.      The Borrowers lack sufficient knowledge or information to admit or deny the allegations contained in the first and second sentences and, therefore, deny them on that basis. The Borrowers deny the third sentence; the Final Rule contains sufficient procedural safeguards and clear standards.

5.      Denied.

6.      The Borrowers lack sufficient knowledge or information to admit or deny the first sentence regarding the Final Rule's impact on traditional liberal arts schools and, therefore, deny on that basis. The Borrowers admit the second sentence to the extent that the Rule exposes some schools to new liability, and that some of those schools, like many others, serve some low-income and minority students. The Borrowers admit the third sentence to the extent that some persons have expressed concerns about the costs and burdens of the Regulations. They lack sufficient knowledge or information to assess the accuracy of the characterization that they are "wide and diverse" and, therefore, deny it on that basis.

7.      The Borrowers lack sufficient knowledge or information to admit or deny the allegations contained in the first and second sentences and, therefore, deny them on that basis. The third sentence is admitted to the extent that it states the Final Rule aims to provide relief to defrauded students. The Borrowers lack sufficient knowledge or information to admit or deny the

remainder of that sentence and, therefore, deny it on that basis. The fourth sentence sets forth plaintiff's legal argument, to which no response is required. To the extent a response is required, the Borrowers deny it. The fifth sentence sets forth plaintiff's legal argument, to which no response is required. To the extent a response is required, the Borrowers admit that the Final Rule assists students beyond those who have been victims of fraud and deny that the Rule threatens any unnecessary consequences, and deny the sentence in all other respects. The sixth sentence is admitted to the extent that it alleges that, under its primary budget scenario, the Department estimated that the annual transfers from institutions to students as reimbursement for successful claims would total $994 million per year. The remainder of that sentence sets forth plaintiff's legal argument and hyperbole, to which no response is required. To the extent a response is required, the Borrowers deny that the Rule is a "sprawling mass of thinly studied new requirements." As to the seventh sentence, the Borrowers admit that the Final Rule estimated a primary cost to the federal government for borrower defense discharges of 14.867 billion over ten years. The eighth and ninth sentences set forth plaintiff's legal argument, to which no response is required. If a response is required, the Borrowers admit that regulations should be justified and supported by reasoned decision-making but deny that the Final Rule was not.

8.     This paragraph sets forth plaintiff's legal argument, to which no response is required. If a response is required, the Borrowers admit the first sentence to the extent that it states the Final Rule creates a shift in higher education regulation but deny that the shift is "seismic" and "without legal basis or reasonable justification." The Borrowers admit the second sentence except to the extent that it characterizes the changes to the borrower-defense process as "radical[]." The Borrowers admit the third sentence to the extent that, pursuant to the borrower-defense process for loans disbursed before July 1, 2017, borrowers could invoke the process only

where they could allege violations of common law or state law. The Borrowers deny, however, that the borrower-defense process has to date been limited to defenses raised in proceedings against a student to collect on his or her debt. The Borrowers admit the fourth sentence to the extent that some borrowers are eligible through the borrower-defense process for cancellation of some Title IV loans and recovery of loan amounts previously paid, and that the process will impose some costs on the federal fisc and may require schools to help pay the cost of the cancellations. They deny that these rights have been "transformed" by the Final Rule, that the Final Rule creates a "wide-ranging affirmative cause of action," that the Final Rule covers all Title IV debts, and that the Final Rule "transfer[s]" a student's "financial liability" to a school or to taxpayers. The Borrowers admit the fifth sentence to the extent that Congress has created some debt forgiveness programs; they deny that Congress did not intend to permit the borrower-defense process to extend to students who could otherwise repay their loans or to permit the Department of Education to recoup costs of borrower-defense discharges from schools that have violated the law. The sixth sentence sets forth plaintiff's legal argument, to which no response is required. To the extent a response is required, Borrowers deny the allegations of the sixth sentence.

9.     This paragraph sets forth plaintiff's legal argument, to which no response is required. To the extent a response is required, the Borrowers admit the first sentence except to the extent that it characterizes the new requirements regarding a school's financial responsibility as "sweeping," an allegation they deny. They deny the second and third sentences. They admit that institutions that trip one of the triggers may be required to obtain letters of credit, and that institutions may be required to make certain disclosures, but deny the remaining allegations in all other aspects.

10.     This paragraph sets forth plaintiff's legal argument, to which no response is required. To the extent a response is required, the Borrowers admit the first sentence except to the extent that new loan repayment rate warning is "unjustifiabl[e]," an allegation they deny. The Borrowers admit the second sentence. The Borrowers admit the third sentence only to the extent that some commenters argued that the warning provision unfairly penalized schools; they deny that these arguments were correct. The Borrowers deny the fifth sentence's allegation that the warning penalizes schools for students' backgrounds. The Borrowers admit the sixth sentence to the extent that the repayment rate provisions do not apply to non-profit and public schools but deny that the distinction between those schools and for-profit schools is a "fail[ure]." The Borrowers deny the seventh sentence; the repayment rate warnings were not based on data that the Department has admitted was erroneous.

11.     This paragraph sets forth plaintiff's legal argument, to which no response is required. To the extent a response is required, the Borrowers deny this paragraph. The arbitration and class-action waiver provisions of the rule are lawful, authorized by statute, and can be harmonized with other law and policy regarding arbitration; they do not apply to all institutions, only those seeking to participate in the Direct Loan program; and they do not prohibit all use or enforcement of arbitration and class action waivers, but instead condition the receipt of federal funds on a school's agreement not to use or rely on these contractual provisions for certain covered claims.

12.     This paragraph sets forth plaintiff's legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the first sentence; the rule does not harm institutions and their students without legal authority and without justification. The Borrowers deny the second sentence. The rule's provisions will not be "extremely costly."

The Borrowers deny the third sentence. The Borrowers lack sufficient knowledge and information to determine whether the Final Rule "may" lead to schools to choose to close and, therefore, deny on that basis. The Borrowers deny that the regulations' costs are imposed without public benefit.

13.     The first sentence sets forth plaintiff's legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the outcomes described by plaintiff and that these outcomes, if they occurred, would be the product of a "rushed and flawed" rulemaking process. The Borrowers deny the second sentence; the public was given 46 days to comment on the proposed rule. The Borrowers admit the third sentence. The Borrowers admit the fourth sentence except to the extent it indicates that the Department only "purported" to read, consider, and respond to each material comment, an allegation they deny. The Borrowers admit the fifth sentence. The Borrowers deny the sixth sentence; the maximum review length is 90 days. The Borrowers deny the seventh sentence's allegation that OMB review "was complete in a little over 30 days"; OMB's review of the final rule took 44 days. The Borrowers admit that the Department estimated a primary cost to the federal government for borrower defense discharges of $14.867 billion over ten years.

14.     This paragraph sets forth plaintiff's legal argument, to which no response is required. To the extent a response is required, the Borrowers admit the first sentence's allegation that the Department aimed to finalize its rule by November 1, 2016, and that this date was the last possible date for publication in order for the Final Rule to take effect during the next award year. The Borrowers also admit the first sentence's allegation that November 1 was one week before an election. They deny that these two dates have any material relationship and that the

Department's process was a "rush." The Borrowers deny the second sentence's allegation that the timetable was "hurried" and that the Final Rule is "sloppy."

15.     This paragraph sets forth plaintiff's legal argument, to which no response is required. If a response is required, the Borrowers deny that the rule lacks a statutory basis, demonstrates an absence of reasoned decision-making, or conflicts with the U.S. Constitution.

16.     This paragraph sets forth plaintiff's legal argument, to which no response is required. If a response is required, the Borrowers deny that the Final Rule is unlawful, exceeds the Department's authority under the Higher Education Act, or conflicts with the Federal Arbitration Act in any way described by the plaintiff or in any other way.

17.     This paragraph sets forth plaintiff's legal argument, to which no response is required. If a response is required, the Borrowers deny that the Final Rule violates the APA in any way described by the plaintiff or in any other way.

18.     This paragraph sets forth plaintiff's legal argument, to which no response is required. If a response is required, the Borrowers deny that the Final Rule is unconstitutional in any way described by the plaintiff or in any other way.

19.     This paragraph sets forth plaintiff's claim for relief, to which no response is required. To the extent a response is required, the Borrowers deny that plaintiff is entitled to any relief.

## PARTIES

20.     The Borrowers admit that CAPPS is a non-profit association of California private postsecondary schools located in Sacramento, California. The Borrowers lack knowledge or information sufficient to form a belief as to the remaining allegations contained in this paragraph and, therefore, deny them on that basis.

21.     Admitted.

22.     Admitted.

## JURISDICTION AND VENUE

23.     This paragraph states a legal conclusion, to which no response is required. To the extent a response is required, the Borrowers admit that the Court has jurisdiction under 28 U.S.C. § 1331 to entertain claims asserted under the APA, including constitutional claims.

24.     The Borrowers admit all the facts averred in this paragraph. The averment that venue is proper is a legal conclusion, to which no response is required. To the extent a response is required, the Borrowers admit this averment.

## FACTUAL ALLEGATIONS

25.     The Borrowers lack sufficient knowledge or information to admit or deny the allegations contained in this paragraph and, therefore, deny them on that basis.

26.     The Borrowers lack sufficient knowledge or information to admit or deny the allegations contained in this paragraph and, therefore, deny them on that basis.

27.     The Borrowers admit the first, second, and third sentences to the extent that the workers described are important in the economy and to consumers. The Borrowers lack sufficient knowledge or information to admit or deny the allegations contained in the fourth, fifth, sixth, and seventh sentences and, therefore, deny them on that basis.

28.     The Borrowers lack sufficient knowledge or information to admit or deny the allegations contained in this paragraph and, therefore, deny them on that basis.

29.     The Borrowers lack sufficient knowledge or information to admit or deny the allegation contained in the first sentence about CAPPS's mission and, therefore, deny it on that basis. The Borrowers admit the second sentence's allegation that for-profit schools are regulated

entities in California and nationally but deny that they are among the "most intensely regulated entities." The Borrowers lack sufficient knowledge or information to admit or deny the third, fourth, and fifth sentences' allegations regarding unspecified actions by the California legislature and an unspecified California regulatory agency and, therefore, deny them on that basis. The Borrowers deny that federal oversight of these schools has been "increasing rapidly."

30.     The Borrowers lack sufficient knowledge or information to admit or deny the allegations contained in this paragraph regarding the fiscal impact of the Final Rule on CAPPS schools and, therefore, deny them on that basis.

31.     The Borrowers lack sufficient knowledge or information to admit or deny the allegations contained in this paragraph regarding the impact on students of hypothetical school closures and, therefore, deny them on that basis. The paragraph's assertion that the new regulations are "unlawful and detrimental" is a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny it.

32.     The Borrowers lack sufficient knowledge or information to admit or deny the allegations contained in the first sentence regarding CAPPS members and, therefore, deny them on that basis. The Borrowers admit the remainder of this paragraph.

33.     The Borrowers deny the first sentence. The second sentence is admitted. The third sentence is denied. The fourth sentence is admitted with respect to the likelihood that students at for-profit schools are not dependents of others and/or are single parents, and denied in all other respects.

34.     The Borrowers deny the first sentence. The Borrowers admit the second sentence's allegation that the cited opinion piece exists and contains the quote attributed to it, but they respectfully refer the Court to the article for a complete and accurate statement of its

contents. The Borrowers lack sufficient knowledge or information to admit or deny the second sentence's allegation that the facts averred in the quoted article are true and, therefore, deny it on that basis.

35.     The Borrowers admit this paragraph to the extent that the Department of Education made this statement in the Final Rule, but they respectfully refer the Court to the Final Rule for a complete and accurate statement of the Rule's contents. The Borrowers lack sufficient knowledge or information to assess whether the quoted statement is true, and, therefore, deny it on that basis.

36.     The Borrowers deny the first sentence. The regulations are not expected to limit non-traditional students' access to postsecondary education, even if they do result in the closure of some under-performing or predatory schools. The Borrowers admit the second sentence. The Borrowers deny the third sentence as an inaccurate characterization of a legal requirement. The Borrowers admit the fourth sentence to the extent it alleges that some schools will be required by the Final Rule to issue disclosures based on repayment rates but deny the remainder of the sentence. The Borrowers deny the fifth and sixth sentences.

37.     The Borrowers admit the first sentence to the extent it accurately quotes a portion of the statute, and the Borrowers respectfully refer the Court to 20 U.S.C. § 1070(a) for a complete and accurate description of Title IV's purpose. The Borrowers admit the second sentence.

38.     The Borrowers admit that the cited table reflects that, in 2013-14, 82.9% of full-time, first-time degree/certificate-seeking undergraduate students enrolled in degree-granting postsecondary institutions receive financial aid, and that this is over two million postsecondary students. The Borrowers deny that the cited material identifies "around 83%" of such students

rely on *Title IV* financial aid to help pay for their degrees, or that the average student receives $7,000 in federal loans each year. The Borrowers admit that the three identified programs are Title IV programs.

39.     The Borrowers admit the first sentence's allegation that Congress regulates Title IV programs but deny that its regulation is "strict[]." The Borrowers admit the second and third sentences to the extent they accurately quote portions of the cited statute but respectfully refer the Court to that statute for a complete and accurate statement of its contents. The Borrowers admit the fourth sentence's allegation to the extent that Congress has adopted statutory provisions to require that schools receiving Title IV funds are degree- or certificate-granting institutions. They deny that all schools that meet these criteria are "legitimate."

40.     The Borrowers admit that Congress provided the Department with tools to ensure compliance with Title IV. They deny that these tools are necessarily "specific" or "carefully cabined."

41.     The Borrowers admit the first, second, and third sentences to the extent they accurately quote portions of the cited statute, but they respectfully refer the Court to the statute itself for a complete and accurate statement of its contents. They admit the fourth sentence to the extent that Congress has provided expressly for some penalties to be imposed on schools that engage in substantial misrepresentation; they deny that such penalties are exclusive.

42.     The Borrowers admit the first sentence to the extent it accurately quotes a portion of the cited statute, but they respectfully refer the Court to the statute itself for a complete and accurate statement of its contents. The second sentence is a legal interpretation to which no response is required. To the extent a response is required, the Borrowers admit that the statutory

provision cited provides for a defense to repayment but deny that it only applies "in repayment proceedings."

43.     The Borrowers admit that the prior regulations only referred to proceedings to collect on a Direct Loan. The Borrowers admit that the quoted language accurately reflects a portion of the cited regulatory provision, but they respectfully refer the Court to the statute itself for a complete and accurate statement of its contents.

44.     The Borrowers admit the first sentence. The Borrowers admit the second sentence to the extent that they acknowledge that some bookkeeping duties are included in schools' program participation agreements (PPA). As to the third sentence, the Borrowers admit that the PPAs contain some of the expectations for Title IV participants, but deny that they exclusively do so. The Borrowers further admit that PPAs are subject to statutory requirements, but deny that the statute is the sole "governing" authority. The Borrowers admit the fourth, fifth, sixth, and seventh sentences to the extent they accurately quote portions of the cited statute, but respectfully refer the Court to the statute itself for a complete and accurate statement of its contents. The Borrowers deny the conclusion contained in the eighth sentence of the paragraph.

45.     The Borrowers admit the first sentence. The Borrowers admit that Section 455(m)(1) creates a repayment program for public service employees who have made 120 monthly payments, but deny that it requires borrowers to "dedicate[] their lives to public service," and respectfully refer the Court to the statute itself for a complete and accurate statement of the statute. The Borrowers admit that Section 430 of the Higher Education Opportunity Act included a section entitled "Loan Forgiveness for Service in Areas of Need." The extent to which these programs are "similar" is a legal conclusion as to which no response is required.

46.     The Borrowers admit that the cited provision sets limits on the amounts a student can borrow under various federal student loan programs. The Borrowers admit that the quoted language accurately reflects the cited material, but they respectfully refer the Court to the document itself for a complete and accurate statement of its contents.

47.     The Borrowers admit that the statute set out "Financial responsibility standards" in the cited provision, and that the quoted language accurately reflects the cited statute, but they respectfully refer the Court to the statute itself for a complete and accurate statement of its contents.

48.     The Borrowers admit that the quoted language accurately reflects the cited statute, but they respectfully refer the Court to the statute itself for a complete and accurate statement of its contents.

49.     The Borrowers admit that Congress provided statutory factors for the Department to consider in assessing institutions' financial responsibility, as set forth in the cited statute. No response is required as to the legal interpretation of the statute provided by plaintiff; to the extent a response is required, the Borrowers deny this assertion and respectfully refer the Court to the statute itself for a complete and accurate statement of its contents.

50.     The Borrowers admit that the statute does not expressly address repayment rate warnings, arbitration agreements or class action waivers.

51.     This paragraph sets forth plaintiff's legal argument, to which no response is required. The Borrowers admit that the Final Rule has a financial impact and includes multiple provisions. To the extent any further response is required, the paragraph is denied.

52.     Admitted.

53.     The Borrowers admit this paragraph to the extent that the HEA generally requires a negotiated rulemaking process after public consultation on regulations pertaining to Title IV programs. They deny that the Higher Education Act requires negotiated rulemaking in all circumstances, and that it requires the Secretary to draft consensus rules, as opposed to attempting to do so. *See* 20 U.S.C. 1098a(b)(2).

54.     Admitted.

55.     The Borrowers admit the first sentence to the extent that it alleges that arbitration provisions and class action waivers were not issues *explicitly* addressed in the original notice regarding the rulemaking's topics. The Borrowers admit the second sentence only to the extent that the Department did not, during the rulemaking process, add experts to address arbitration and class action waivers. Except to that extent, they deny the second sentence.

56.     Admitted except as to the final sentence. The proposed rule was made public on June 13, 2016, and the Department indicated it was "working towards publishing final regulations by November 1st."

57.     The Borrowers deny the first sentence. The Borrowers deny the plaintiff's characterization of Executive Order 12866 in the second sentence and respectfully refer the Court to that order for a complete and accurate statement as to its contents. The Borrowers admit the third sentence's allegation that the Final Rule is classified as "significant" under Executive Order 12866. They lack sufficient knowledge or information to determine whether the rule "has a far more expansive and costly impact than many 'significant' rules" and, therefore, deny the allegation on that basis.

58.     The Borrowers admit this paragraph to the extent that more than 10,000 commenters participated by August 1, 2016. They lack sufficient knowledge or information to

determine whether more than 10,000 commenters were "schools, students, legislators, [or] public officials and, therefore, deny the allegation on that basis. The Borrowers deny that the deadline for comments was "tight."

59.     The Borrowers admit that various commenters submitted responses to the proposed rulemaking and that some commenters opposed aspects of the proposed rule. The Borrowers admit that Spelman College submitted comments that stated, *inter alia*, "the cumulative impact of the Department's financial responsibility proposals could cause a cascading negative financial impact on HBCUs and other under-resourced but viable institutions that provide quality educational opportunities." The Borrowers respectfully refer the Court to those comments and all other comments for a complete and accurate reflection of the rulemaking record. The Borrowers admit then-Representative Price and Senator Enzi sent the referenced letter to the Secretary of Education, but respectfully refer the Court to the text of that letter, available at https://www.budget.senate.gov/imo/media/doc/EnziPriceLetter.pdf, for a complete and accurate reflection of its contents. The Borrowers admit that the two referenced trade groups submitted the comments referenced, but deny that these comments "echoed" the concerns of Messrs. Price and Enzi. The Borrowers respectfully refer the Court to the text of those comments for a complete and accurate reflection of their comments. The borrowers admit that the six Attorneys General of the six identified states submitted the comments referenced, while the Attorneys General of 17 other states and the District of Columbia, and the Executive Director of the Office of Consumer Protection of an 18th state, submitted comments in support of the rule.

60.     The Borrowers deny the allegation that any action was taken "despite" comments submitted and received, and admit in all other respects.

61.     The Borrowers admit that OMB completed its review of the final rule in 44 days, and deny the allegations of this paragraph in all other respects, except to admit that the Final Rule estimated a primary cost to the federal government for borrower defense discharges of 14.867 billion over ten years.

62.     The Borrowers admit the first sentence. They deny that the Final Rule included no description of the borrower defense process, but admit a fuller explanation was issued on January 19, 2017.

63.     The first sentence sets forth plaintiff's legal argument, to which no response is required. To the extent a response is necessary, the Borrowers admit the first sentence. They admit the second sentence to the extent that the Department aimed to meet the November 1 publication deadline. Except to this extent, they deny the second sentence.

64.     The Borrowers admit that some commentators have described a practice they have referred to as the adoption of "midnight regulations" and that these commentators have expressed concerns about this practice. The Borrowers deny that the characterizations in this paragraph are properly applicable to the issuance of the Final Rule at issue in this case.

65.     The Borrowers admit that the final regulations have a financial impact and will, in some circumstances, have profound impacts on schools and students. The characterizations of the rulemaking process as "rushed" and "troubling" reflect plaintiff's legal arguments, to which no response is required; to the extent that a response is necessary, the Borrowers deny that the rulemaking process was "rushed," "especially troubling," or in any way inappropriate in light of the scope and impact of the rule.

66.     The Borrowers admit that the Final Rule contained at least four changes to the Department's existing rules, including changes to the grounds and processes for student

borrowers to raise borrower defenses, new requirements related to financial responsibility, a new loan repayment rate warning, and the provisions conditioning a school's eligibility to participate in the federal student loan program on its agreement not to use or rely on predispute contractual provisions requiring arbitration and/or prohibiting class actions for certain covered claims. They otherwise deny the accuracy of the plaintiff's characterization of the cited regulations and respectfully refer the Court to the regulations themselves, which contain a complete and accurate statement of their contents.

67.    The Borrowers admit that the Borrower Defense Provisions contain major changes to how borrowers can assert their rights. The Borrowers deny that the allegations in this paragraph otherwise are an accurate characterization of the previous regulations or practices under them, and respectfully refer the Court to the pre-existing and current regulatory text for a complete and accurate statement of their contents.

68.    The Borrowers admit that the Final Rule expands the mechanisms available by which former students can pursue their rights, and that the Rule does not include a citation to an instance where the borrower defense was used as an affirmative claim for relief. They otherwise deny the allegations in this paragraph and respectfully refer the Court to the Rule itself for a complete and accurate statement of its contents.

69.    The Borrowers admit that the Final Rule includes a changed standard for establishing a borrower defense for loans first disbursed on or after July 1, 2017. The Borrowers admit that the defense is available in the three scenarios in the second sentence, but respectfully refer the Court to the text of the Rule for a complete and accurate statement of its contents. The third sentence sets forth plaintiff's legal argument, to which no response is required. To the extent a response is necessary, Borrowers deny the third sentence.

70.    Admitted.

71.    The Borrowers admit the first sentence. The Borrowers admit the second sentence, but respectfully refer the Court to the text of the Rule for a complete and accurate statement of its contents. The Borrowers deny the third textual sentence. The Borrowers admit the fourth and fifth textual sentences. The Borrowers admit that there is a rebuttable presumption that each member of the group reasonably relied on a substantial misrepresentation, where the Secretary has determined there is a borrower defense based upon a substantial misrepresentation that has been widely disseminated. The Borrowers respectfully refer the Court to the text of the Rule for a complete and accurate statement of its contents.

72.    The Borrowers admit that a procedural regulation relating to borrower defense was issued on January 19, 2017, without a separate notice. They otherwise deny the allegations in this paragraph.

73.    The Borrowers admit that the cited statutory provision contains the quoted language, but deny that the remainder of the paragraph is a complete and accurate description of the statute, and respectfully refer the Court to 20 U.S.C. § 1099c(c) in its entirety.

74.    The Borrowers admit the first sentence except to the extent it represents plaintiff's legal argument as to what the statute "contemplates," which they deny; the Borrowers respectfully refer the Court to the statute itself for a complete and accurate statement of its contents. The Borrowers admit that the Financial Responsibility Provisions could substantially expand the set of institutions deemed not financially responsible, but deny the second textual sentence in all other aspects. The Borrowers admit the third textual sentence. The Borrowers deny the fourth textual sentence and respectfully refer the Court to the Rule itself for a complete and accurate description of its contents.

75.     Admitted.

76.     The Borrowers admit the first two sentences. The Borrowers deny the third sentence.

77.     Admitted.

78.     The Borrowers admit the first sentence. The Borrowers deny the second sentence, but admit that 668.171(e) only applies to publicly traded institutions. The Borrowers admit that the third sentence except to the extent it refers to financial responsibility safeguards for students and the public fisc as penalties.

79.     The Borrowers admit the first four textual sentences, but respectfully refer the Court to the Rule itself for a complete and accurate description of its contents. The last sentence sets forth plaintiff's legal argument, to which no response is required. To the extent a response is necessary, the Borrowers admit that the Department bases its calculation of risk on determinations of potential liability that may in some (but not all) cases reflect the maximum amount that could be recovered if claims against the school were successful, but denies the remainder of the sentence.

80.     The Borrowers admit the first sentence. They admit the second sentence except to the extent it refers to "loss" instead of "potential loss." The Borrowers deny the third and fourth sentences.

81.     The Borrowers admit the first sentence. They admit the second sentence except to the extent it refers to "loss" instead of "potential loss." The Borrowers deny the third sentence.

82.     The Borrowers admit the first sentence. They admit the second sentence except to the extent it refers to "loss" instead of "potential loss." The Borrowers lack information sufficient to admit or deny the third sentence, and thus deny it on that basis.

83.     The Borrowers admit the first sentence. They admit the second sentence except to the extent it refers to "loss" instead of "potential loss." The Borrowers deny the third sentence.

84.     The Borrowers admit the first sentence. They admit the second sentence except to the extent it refers to "loss" instead of "potential loss."

85.     The Borrowers admit the first sentence. They deny that the second textual sentence is a complete and accurate list of examples contained in the Final Rule, and respectfully refer the Court to the Rule itself for a complete and accurate statement of its contents. As to the third textual sentence, the Borrowers admit that the Department did not explicitly define the phrase "material adverse effect" or adopt a specific quantitative measure of materiality, but otherwise deny the allegations and respectfully refer the Court to the Rule itself for a complete and accurate statement of its contents. The Borrowers deny the fourth textual sentence.

86.     The Borrowers admit the first three textual sentences, but respectfully refer the Court to the text of the Rule for a complete and accurate reflection of its contents. The Borrowers deny that the regulations do not cabin the Secretary's discretion, but admit that there is no categorical bar on requiring a financially vulnerable institution to obtain "a letter of credit that would put [such] institution out of business," and respectfully refer the Court to the Rule itself for a complete and accurate statement of its contents.

87.     The Borrowers admit the first sentence. The Borrowers admit the second sentence except to the extent Plaintiff's characterize the grounds as "narrow," and respectfully refer the Court to the Rule itself for a complete and accurate statement of its contents. The Borrowers admit the third, fourth, and fifth sentences, but respectfully refer the Court to the Rule itself for a complete and accurate statement of its contents. The sixth textual sentence contains a legal

argument to which no response is required. To the extent a response is required, the Borrowers deny the sixth textual sentence.

88.     The Borrowers admit the first sentence. The Borrowers deny the second and third textual sentences as inaccurate characterizations of the cited NPRM language, the Final Rule, and the previous regulations, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

89.     Admitted.

90.     The Borrowers admit the allegations in the first three textual sentences. The fourth textual sentence sets forth plaintiff's legal argument, to which no response is required. To the extent a response is necessary, the Borrowers deny the fourth textual sentence.

91.     Admitted, but the Court respectfully refers the Court to the text of the Rule for a complete and accurate statement of its contents.

92.     Admitted.

93.     Admitted.

94.     Admitted.

95.     The Borrowers admit the allegations of the first two sentences of this paragraph. As to the third sentence, the Borrowers admit that the allegations are true except to the extent that the Rule includes certain exemptions.   The Borrowers respectfully refer the Court to the regulations themselves, which contain a complete and accurate statement of their contents.

96.     The Borrowers admit that the regulations cited in this paragraph "prohibit" the agreements described in the sense that they condition participation in the Direct Loan program on institutions not entering into "voluntary" or forced predispute agreements waiving the right to pursue class action relief and/or relief in a public judicial tribunal for claims that could form the

basis of a borrower defense. The Borrowers respectfully refer the Court to the regulations themselves, which contain a complete and accurate statement of their contents.

97.     The Borrowers admit that the regulations cited in the first sentence of this paragraph "bar" certain schools from enforcing the agreements described in the sense that the regulations condition participation in the Direct Loan program on institutions not enforcing those agreements. The Borrowers further admit that the regulations cited in the second text sentence provides that certain schools "must" either notify students or amend their agreements, in the sense that the regulations condition participation in the Direct Loan Program on the schools' taking those actions. The Borrowers deny that the regulations cited in this paragraph affect institutions not participating in the Direct Loan program, and they respectfully refer the Court to regulations themselves, which contain a complete and accurate statement of their contents.

98.     The Borrowers admit that the regulations cited by this paragraph "require[]" certain institutions to provide notifications at the times indicated in the sense that the regulations condition participation in the Direct Loan program on institutions providing such notifications. The Borrowers deny that the regulations cited in this paragraph affect institutions not participating in the Direct Loan program, and they respectfully refer the Court to regulations themselves, which contain a complete and accurate statement of their contents.

99.     This paragraph sets forth plaintiff's legal argument, to which no response is required. If a response is required, the Borrowers deny the allegations in the paragraph.

100.     This paragraph sets forth plaintiff's legal argument, to which no response is required. If a response is required, the Borrowers deny the allegations in the paragraph.

101.     This paragraph sets forth plaintiff's legal argument, to which no response is required. If a response is required, the Borrowers deny the allegations in the paragraph.

102.    The Borrowers admit the first sentence. They admit the second sentence's allegation that 20 U.S.C. § 1087e(h) contains the language quoted but respectfully refer the Court to the statute for a complete and accurate statement of its contents.

103.    The Borrowers admit that the statute uses the term "defense" and that it allows, among other things, the assertion of defenses in collection proceedings. Except to that extent, this paragraph sets forth plaintiff's legal argument, to which no response is required. If a response is required, the Borrowers deny the remaining allegations in the paragraph.

104.    The Borrowers admit that 20 U.S.C. § 1087e(m) contains the language quoted but respectfully refer the Court to the statute, which contains a complete and accurate statement of its contents. Except to that extent, this paragraph sets forth plaintiff's legal argument, to which no response is required. If a response is required, the Borrowers deny the remaining allegations in the paragraph.

105.    This paragraph sets forth plaintiff's legal argument, to which no response is required. If a response is required, the Borrowers respectfully refer the Court to the statutory provision referenced, which contains a complete and accurate statement of its contents, and otherwise deny the allegations in the paragraph.

106.    The Borrowers admit that the Department relies on 20 U.S.C. § 1094 as a source of its authority to issue the regulations at issue and that the statute contains the language quoted, although they respectfully refer the Court to the statute, which contains a complete and accurate statement of its contents. Except to that extent, this paragraph sets forth plaintiff's legal argument, to which no response is required. If a response is required, the Borrowers deny the remaining allegations in the paragraph.

107.     This paragraph sets forth plaintiff's legal argument, to which no response is required. If a response is required, the Borrowers deny the allegations in the paragraph.

108.     The Borrowers admit the Department invokes 20 U.S.C. 1087(c) as a source of its authority to issue the Final Rule and that the statute contains the language quoted, but respectfully refer the Court to the statute itself, which contains a complete and accurate statement of its contents. Except to that extent, this paragraph sets forth plaintiff's legal argument, to which no response is required. If a response is required, the Borrowers deny the other allegations in the paragraph.

109.     The Borrowers admit that the Department relies on 20 U.S.C. 1087d(a) to justify the Final Rule and that the statute contains the language quoted, but they respectfully refer the Court to the statute itself, which contains a complete and accurate statement of its contents. The first sentence's allegation that the Department only "attempt[ed]" to rely on 20 U.S.C. 1087d(a) sets forth plaintiff's legal argument, to which no response is required. If a response is required, the Borrowers deny it.

110.     This paragraph sets forth plaintiff's legal argument, to which no response is required. If a response is required, the Borrowers deny the allegations in the paragraph.

111.     This paragraph sets forth plaintiff's legal argument, to which no response is required. If a response is required, the Borrowers deny the allegations in the paragraph.

112.     The Borrowers admit that the Final Rule cites 20 U.S.C. 1221e-3 and 3474 and that 1221e-3 contains the language quoted, but they respectfully refer the Court to the statute itself, which contains a complete and accurate statement of its contents. They lack sufficient knowledge and information to admit or deny that these provisions were cited by the Department for the first time in the Final Rule and, therefore, deny the allegation on that ground. Except to

that extent, this paragraph sets forth plaintiff's legal argument, to which no response is required. If a response is required, the Borrowers deny the remaining allegations in the paragraph.

113.     The Borrowers admit that 20 U.S.C. 3474 contains the language quoted, but they respectfully refer the Court to the statute itself, which contains a complete and accurate statement of its contents. Except to that extent, this paragraph sets forth plaintiff's legal argument, to which no response is required. If a response is required, the Borrowers deny the remaining allegations in the paragraph.

114.     The Borrowers deny that the Department did not cite any statutory basis for group-based relief in the borrower defense process. The Final Rule relied on section 455(h), 20 U.S.C. § 1087e(h) and 1 U.S.C. 1 as authority. 81 Fed. Reg. at 75,965. Except to that extent, this paragraph sets forth plaintiff's legal argument, to which no response is required. If a response is required, the Borrowers deny the remaining allegations in the paragraph.

115.     The Borrowers admit that the Department cited 20 U.S.C. § 1099c(c)(1) as authority for the Final Rule and that the quoted language is accurate, but they respectfully refer the Court to the statute itself, which contains a complete and accurate statement of its contents. Except to that extent, this paragraph sets forth plaintiff's legal argument, to which no response is required. If a response is required, the Borrowers deny the other allegations in the paragraph.

116.     The Borrowers admit that the cited statutory provisions contain the quoted language but they respectfully refer the Court to the statute itself, which contains a complete and accurate statement of its contents. Except to that extent, this paragraph sets forth plaintiff's legal argument, to which no response is required. If a response is required, the Borrowers deny the remaining allegations in the paragraph.

117.    The Borrowers admit that the Department cited 20 U.S.C. § 1094(c)(1)(B) as authority for the Final Rule and that the quoted language is accurate, but they respectfully refer the Court to the statute itself, which contains a complete and accurate statement of its contents. Except to that extent, this paragraph sets forth plaintiff's legal argument, to which no response is required. If a response is required, the Borrowers deny the remaining allegations in the paragraph.

118.    This paragraph sets forth plaintiff's legal argument, to which no response is required. If a response is required, the Borrowers deny the allegations in the paragraph.

119.    This paragraph sets forth plaintiff's legal argument, to which no response is required. If a response is required, the Borrowers deny the allegations in the paragraph.

120.    This paragraph sets forth plaintiff's legal argument, to which no response is required. To the extent a response is required, the Borrowers admit that the quoted language appears in the Final Rule, but they respectfully refer the Court to the Rule itself, which contains a complete and accurate statement of its contents. The Borrowers deny the remainder of the paragraph, including the suggestion that there is a conflict between the Rule and the HEA.

121.    The Borrowers deny the first sentence's characterization of the statute, and respectfully refer the Court to the statute itself for a complete and accurate statement of its contents. The Borrowers admit that the Rule includes triggers based on third party responses to actions of borrower institutions. The remainder of the paragraph sets forth plaintiff's legal argument, to which no response is required; to the extent a response is required, the Borrowers deny it.

122.    This paragraph sets forth plaintiff's legal argument, to which no response is required. To the extent a response is required, the Borrowers deny that 20 U.S.C. § 1099c

"conspicuously does not" "provide for state involvement in certain decisions and processes," and respectfully refer the Court to the statute itself, which contains a complete and accurate statement of its contents; they admit that 20 U.S.C § 1070d-33 provides for state involvement; and they deny the remaining allegations in the paragraph.

123.    The Borrowers admit that proprietary institutions are subject to different financial triggers than non-profit or public institutions. Except to that extent, this paragraph sets forth plaintiff's legal argument, to which no response is required. If a response is required, the Borrowers deny the allegations in the paragraph.

124.    The Borrowers admit that 20 U.S.C. § 1099c does not explicitly address mandatory notices. Except to that extent, this paragraph sets forth plaintiff's legal argument, to which no response is required. If a response is required, the Borrowers deny the remaining allegations in the paragraph.

125.    This paragraph sets forth plaintiff's legal argument, to which no response is required. If a response is required, the Borrowers deny the allegations in the paragraph.

126.    The Borrowers admit that the term "loan repayment rates" does not appear in the referenced list at 20 U.S.C. § 1092(a)(1). Except to that extent, this paragraph sets forth plaintiff's legal argument, to which no response is required. If a response is required, the Borrowers deny the remaining allegations in the paragraph.

127.    The Borrowers admit that the loan repayment rate warning provision only applies to proprietary institutions. Except to that extent, this paragraph sets forth plaintiff's legal argument, to which no response is required. If a response is required, the Borrowers deny the remaining allegations in the paragraph.

128.    This paragraph sets forth plaintiff's legal argument, to which no response is required. If a response is required, the Borrowers deny the remaining allegations in the paragraph.

129.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit the first sentence's allegation to the extent that the Department relied on 20 U.S.C. 1087d(a)(6) to adopt the Arbitration and Class Action Waiver Provisions; they deny that the Department only "purported" to do so. They deny the second sentence's characterization of this statutory provision and respectfully refer the Court to the statute itself. They deny the third sentence's allegations.

130.    This paragraph sets forth a legal argument to which no response is required. To the extent a response is required, the Borrowers deny the first sentence's allegation that the Arbitration and Class Action Waiver Provisions conflict with the FAA or its policy. They deny the second sentence's characterization of the FAA and respectfully refer the Court to the statute itself. *See* 9 U.S.C. et seq. The Borrowers admit the third sentence to the extent that the Final Rule conditions a school's participation in the Direct Loan Program on the school's refraining from using or enforcing predispute arbitration clauses in contracts with students for the adjudication of covered claims. They deny the remainder of this sentence. The Final Rule expressly states that it does not "invalidate" arbitration clauses, apply to schools not participating in the Direct Loan Program, or apply to claims beyond those described in the Rule.

131.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit that the HEA does not contain provisions that expressly refer to arbitration agreements, but they deny that the Final Rule "abrogates" such agreements. The Borrowers deny the second sentence. Although Congress has at times provided

agencies with express authority to regulate the use of arbitration agreements, the absence of express authority does not preclude such regulation. The Borrowers admit the third sentence's allegation regarding express authority given to the CFPB but deny that such authority is necessary for an agency to regulate the use of arbitration agreements. The Borrowers deny the fourth sentence's allegation that the FAA requires that an agency have "explicit authorization" before it may "alter[] arbitration agreements" and its suggestion that the Final Rule itself "alter[s] arbitration agreements."

132.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit the first sentence. As to the second sentence, the Borrowers admit that, under the Final Rule, institutions that participate in the Direct Loan Program will lose eligibility to continue their participation if they seek to enforce predispute arbitration agreements and class action waiver provisions in contracts with students with respect to the resolution of covered claims. To the extent a further response is required, the Borrowers deny the allegations in this paragraph regarding the FAA's scope and the alleged equivalence for legal purposes of directly invalidating an arbitration provision versus conditioning federal funding on an institution's agreement not to enforce such a provision.

133.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit the first sentence. They deny the second sentence's allegation that the Final Rule is neither reasonable nor reasonably explained.

134.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny it.

135.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny it, except to acknowledge that the quoted

language appears on the cited page, which is in the Notice of Proposed Rulemaking, and respectfully refer the Court to the Department's explanations of the Rule in the Final Rule itself.

136.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit that the Department referenced agency regulations and sub-regulatory policies under the FFEL program in responding to comments about the scope of the borrower defense provision. The Borrowers deny the allegations in this paragraph in all other respects.

137.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegations in this paragraph.

138.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegations except to admit that the quoted language appears on the cited page, in the Notice of Proposed Rulemaking, and respectfully refer the Court to the Department's explanations of the Rule in the Final Rule itself.

139.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegations except to admit that the quoted language appears on the cited page, in the Notice of Proposed Rulemaking, and respectfully refer the Court to the Department's explanations of the Rule in the Final Rule itself.

140.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegations as a mischaracterization of the Department's explanation, and respectfully refer the Court to the Department's explanation, which is set out at 81 Fed. Reg. 75,943-45, not at pages 79,943-45, as referenced by plaintiff.

141.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit that the Department identified several

difficulties related to applying state law, and that state law and state court judgments will remain relevant, and respectfully refer the Court to the Department's explanation in the Final Rule, for a complete and accurate statement of its contents. The Borrowers deny the allegations in this paragraph in all other respects.

142.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit that the quoted language appears on page 75,949 of the Federal Register, not 79,949, but respectfully refer the Court to the Final Rule itself, for a complete and accurate statement of its contents. The Borrowers deny the allegations in this paragraph in all other respects.

143.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the first sentence. The Borrowers admit that "large sums of money" are "involved in many borrower defense claims." The Borrowers admit that the Rule does not explicitly create a mechanism by which institutions can challenge the Department's decision to pursue claims on behalf of a group of victims. The Borrowers admit that the Rule does not provide for institutions a right to obtain all documents the Department relied on at the time they receive a notice of potential liability. The Borrowers deny the allegation that a hearing is discretionary. The Borrowers deny the allegations in this paragraph in all other respects, and respectfully refer the Court to the procedures set forth at 82 Fed. Reg. 6,253-6,259 for a complete and accurate statement of their contents.

144.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit that the procedures for borrower defense claims are different from those in part 668, subparts G and H, and deny the allegations in all other respects.

145.     This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit that, under the Final Rule, "if the Department becomes aware of new evidence that would entitle a borrower to relief under the regulations, then the borrower is entitled to relief regardless of the passage of time." The Borrowers respectfully refer the Court to the discussion of this issue at 82 Fed. Reg. 75,969, not 79,969 as indicated in the Complaint. The Borrowers deny the allegations in all other aspects.

146.     This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit that the Department has indicated that it the existence of common facts and claims is one of the nonexhaustive factors that the Department will consider in determining whether a group borrower defense case is appropriate, that the group process is not an opt-in/claim form regime, that the Department did not create an express definition for the phrase "common facts and claims," and that the Department did not create an explicit mechanism by which institutions can challenge the Department's decision to attempt to prove the merit of the claims it asserts for members of a group on a groupwide basis. The Borrowers respectfully refer the Court to the discussion of group borrower defenses in the Final Rule and the Borrower Defense Procedures for a complete and accurate statement of the Department's explanation and procedures. The Borrowers deny the allegations in all other respects.

147.     This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit the Final Rule contains the quoted language and deny the allegations in all other respects. The Borrowers respectfully refer the Court to the text of the Final Rule and the referenced cases for a complete and accurate statement of their contents.

148.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit that there is no materiality element in the standard for a breach of contract borrower defense. The Borrowers deny the allegations in all other respects.

149.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit the quoted language appeared in the Notice of Proposed Rulemaking. The Borrowers deny the allegations in all other respects.

150.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegations except to admit that an example of a student at a liberal arts college who was subject to a substantial misrepresentation is one of the six illustrative examples provided in the Final Rule, and respectfully refer the Court to the text of the Final Rule for a complete and accurate statement of its contents.

151.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegations.

152.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit that the (g)(7) and (g)(8) triggers were not included in the text of the rule as proposed in the NPRM and that the (g)(8) trigger applies when the Secretary expects to receive a significant number of borrower defense claims. The Borrowers lack sufficient knowledge or information to admit or deny the allegation that the possibility of triggers similar to those ultimately included in subsections (g)(7) and (g)(8) was never mentioned by anyone at any point in the negotiated rulemaking, and therefore deny it on that basis. The Borrowers otherwise deny the allegations of this paragraph.

153.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegations and respectfully refer the Court to the Rule itself and the NPRM for complete and accurate statements of their contents.

154.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegations and respectfully refer the Court to the Rule itself for a complete and accurate statement of its contents.

155.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit that the paragraph correctly quotes portions of the Final Rule and respectfully refer the Court to the text of the Final Rule for a complete and accurate statement of its contents, and otherwise deny the allegations.

156.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegations except to the extent they admit that, where a lawsuit does not specify a damages amount, the Rule calculates potential loss based on the full amount of tuition and fees received by the institution during the relevant period for the program or location at issue.

157.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegations.

158.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegations.

159.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegations.

160.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit that the Rule does not provide for

evaluations of the merits of pending lawsuits. The Borrowers otherwise deny the allegations, and respectfully refer the Court to the text of the Final Rule for a complete and accurate statement of its contents.

161.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the first sentence. With respect to the second sentence, the Borrowers admit that the regulation provides for posting of letters of credit for some lawsuits that survive for 120 days or proceed past summary judgment. With respect to the third and fourth sentences, the Borrowers deny that the Final Rule creates excessive settlement pressures or a coercive dynamic between borrowers and institutions, but admit that certain institutions may choose to settle lawsuits for any number of reasons. The Borrowers deny the final sentence in its entirety.

162.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit that, subject to the complete terms of the Final Rule, to which they respectfully refer the Court, the regulations provide that a lawsuit's impact on a school's composite score is based on the damages demanded, and deny the remaining allegations.

163.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the first sentence. With respect to the second and third sentences, they admit that the record does not contain evidence of what percentage of lawsuits that pend for 120 days or proceed past summary judgment result in decisions against the defendant school, nor does it include a study of relationships between demands and recoveries. They deny the fourth and fifth sentences.

164.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegations except to admit that the quoted language appears in a 2012 law review article.

165.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit that the Rule includes a financial responsibility trigger tied to gainful employment. The Borrowers lack sufficient information as to the finances of the American Repertory Theater graduate program to admit or deny the allegations about that program, and thus, and deny those allegations on that basis. The Borrowers deny the allegations in all other respects.

166.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit that the quoted language appears at the cited page of the Rule and that it sets forth a trigger tied to the Secretary's finding of an event or condition likely to materially and adversely affect an institution, but respectfully refer the Court to the Rule itself for a complete and accurate statement of its contents. The Borrowers admit that the Department did not expressly define the term "material adverse effect," but respectfully refer the Court to the Final Rule for a complete and accurate statement of the Department's response to that request. The Borrowers deny the allegations in all other respects.

167.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit that students often state that they have dropped out of institutions "due to financial circumstances," but deny that this "has nothing to do with institutional quality."  The Borrowers deny the allegations in all other respects.

168.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit that several triggers in the Rule apply only or differently to for-profit institutions. The Borrowers deny the allegations in all other respects.

169.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit that for-profit institutions have a large percentage of low-income and minority students. The Borrowers deny the allegations in all other respects.

170.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit the cited comments were submitted and raised "the issue of minority and underserved borrowers' access to postsecondary education," and deny the allegations in all other aspects.

171.    This paragraph sets forth a legal argument, to which no response is required.  To the extent a response is required, the Borrowers admit that the cited comments were submitted by trade groups, and deny the allegations in all other aspects.

172.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the first and second sentences. The Borrowers admit that the cited comments were submitted by trade groups. The Borrowers admit the fourth textual sentence. The Borrowers lack sufficient knowledge or information to form a belief about the truth of the fifth and sixth sentences' allegations and deny them on that basis. The Borrowers deny the seventh textual sentence.

173.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit that the Department acknowledged "that the costs associated with a letter of credit have increased over time," and that it did not accept the

suggestion of some commenters to allow use of performance bonds rather than letters of credit, but they respectfully refer the Court to the Final Rule for the agency's statement of its reasons and deny the allegations in all other respects.

174.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit that, as part of its overarching goal to advance educational opportunities, the Higher Education Act aims to prevent students from the precipitous closure of institutions. The provision of the United States Code cited is non-existent, so the Borrowers deny it supports the allegations therein. The Borrowers deny the allegations in all other respects.

175.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit that the regulations provide institutions opportunities to dispute certain triggers and provide hearing officers with standards which to adjudge such disputes, and that the regulations do not explicitly provide discretion to deny a demand for financial protection in other circumstances. They respectfully refer the Court to the regulations for a complete and accurate statement of their contents.

176.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegations in this paragraph.

177.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit that income-driven repayment plans can provide valuable flexibility for some borrowers, and that some borrowers in income-driven repayment plans may have outstanding loan balances that are higher than their original loan balances. The Borrowers deny the allegations in all other respects and respectfully refer the Court to the government website cited for a complete and accurate statement of its contents.

178.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the first sentence, and lack sufficient information to admit or deny the second sentence, and deny it on that basis.

179.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit that repayment data inherently incorporates data about "students who graduated *years* ago," since current students are not typically in repayment. They deny that the Repayment Rate Provisions are retroactive and deny the remaining allegations in their entirety.

180.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit that repayment rate warning requirement only applies to proprietary institutions and that the Department cited a "wide body of evidence demonstrat[ing] that student debt and loan repayment outcomes are worse for students in the proprietary sector than students in other sectors," 81 Fed. Reg. 76,017. The Borrowers deny the remaining allegations and respectfully refer the Court to the cited January 13, 2017 announcement for a complete and accurate statement of its contents.

181.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit the quoted language appears in the cited material, but respectfully refer the Court to the Rule itself, which contains a complete and accurate statements of its contents. The Borrowers deny the allegations in all other respects.

182.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers lack sufficient information to admit or deny the actions of unnamed "numerous education experts," and deny those allegations on that basis. The Borrowers admit that the cited comments were filed, but deny that they raised any concerns

relating to proprietary schools. The Borrowers deny the allegations in all other respects, and respectfully refer the Court to the Rule itself, which contains a complete and accurate statement of its contents.

183.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit that the loan repayment warning requirements apply where the institution's loan repayment rate shows that the median borrower has not either fully repaid, or "made loan payments sufficient to reduce by at least one dollar the outstanding balance of, each of the borrower's FFEL or Direct Loans received for enrollment in the institution," but deny that this is an unreasonable requirement. The Borrowers admit that some borrowers may prioritize paying down some loans over others. The Borrowers deny the allegations in all other respects.

184.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny that the Arbitration and Class Action Provisions are arbitrary and capricious in any way described by the plaintiff or in any other way.

185.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegations.

186.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit that the text quoted by the plaintiff in the first sentence appears in the cited regulations but respectfully refer the Court to those regulations, which contain a complete and accurate statement of their contents; except to that extent, the Borrowers deny the allegations of this paragraph.

187.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegations.

188.     This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit that the Department's Final Rule acknowledged and discussed a study of arbitration conducted by the Consumer Financial Protection Bureau. The Borrowers admit the description of the study in the third sentence, and that the study acknowledges differences between various kinds of student loans. The Borrowers deny the allegations in all other respects.

189.     This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegations.

190.     This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the first sentence. The Borrowers admit the second sentence to the extent that federal student loans may be larger than some other consumer injuries and that the size of an individual's damages is relevant to whether an individual may decide to pursue litigation separately or as part of a class action. They deny that the Department inadequately accounted for these considerations. The Borrowers deny the third sentence.

191.     This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit that the quoted language in the third sentence appears at the cited pages of the NPRM, but deny that the cited cases involved "commonality" and respectfully refer the Court to the NPRM itself for a complete and accurate statement of its contents. The Borrowers admit that the Department did not specifically address whether the availability of group-based relief for loan cancellation *by the government* eliminated the need for class actions against schools but deny that the Department had any obligation to do so. The Borrowers deny the allegations in all other respects.

192.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit the second sentence to the extent that the Final Rule contains the language quoted, but respectfully refer the Court to the regulation itself for a complete and accurate statement of its contents. The Borrowers admit the third sentence's allegation that the Arbitration and Class Action Waiver Provisions are intended to apply to "claims that could be brought in court." The Borrowers deny the allegations in all other respects.

193.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers lack sufficient information to admit or deny what institutions relied on in "ordering their affairs" and deny the allegations in the second sentence on that basis. The Borrowers admit that schools may face "disputes" with students who have completed their studies. The Borrowers deny the allegations in all other respects.

194.    This paragraph sets forth a legal argument to which no response is required. To the extent a response is required, the Borrowers deny that any provision of the Final Rule creates constitutional problems.

195.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegations.

196.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegations.

197.    The allegations in this paragraph set forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegations.

198.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegations.

199.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit that the Final Rule requires warnings in certain circumstances and states where they must be posted and what they must say, and they respectfully refer the Court to the Final Rule for a complete and accurate statement of its content; the Borrowers otherwise deny the allegations.

200.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegations.

## IRREPARABLE HARM

201.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers admit that students may be deterred from enrolling in institutions that have not demonstrated financial responsibility and/or that the median borrower has paid down by at least one dollar the outstanding balance of his or her loans. The Borrowers lack sufficient information to admit or deny the sixth sentence, and deny it on that basis. The Borrowers deny the allegations in all other respects.

## COUNT ONE

202.    The Borrowers incorporate their responses to each of the previous paragraphs as if fully set forth herein.

203.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny that the Borrower Defense Provisions are not authorized by the HEA.

204.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny that the regulations exceed the

Department's jurisdiction and authority or otherwise fail to comport with the HEA, GEPA, or the Organization Act in the ways described by plaintiff or in any other way.

205.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny that the Borrower Defense Provisions violate the APA.

## COUNT TWO

206.    The Borrowers incorporate their responses to each of the previous paragraphs as if fully set forth herein.

207.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny that the Borrower Defense Provisions are arbitrary and capricious in any way described by the plaintiff or in any other way.

208.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegation that the Borrower Defense Provisions violate the APA.

## COUNT THREE

209.    The Borrowers incorporate their responses to each of the previous paragraphs as if fully set forth herein.

210.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegation that the Borrower Defense Provisions violate the Due Process Clause in the way described by plaintiff or in any other way.

211.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegation that the Borrower Defense Provisions violate the Seventh Amendment or Article III.

212.   This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegation that the Borrower Defense Provisions violate the APA.

## COUNT FOUR

213.   The Borrowers incorporate their responses to each of the previous paragraphs as if fully set forth herein.

214.   This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegation that the Financial Responsibility Provisions are not authorized by the HEA.

215.   This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegation that the Financial Responsibility Provisions exceed the Department's jurisdiction or authority or do not comport with the HEA in any way described by the plaintiff or in any other way.

216.   This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegation that the Financial Responsibility Provisions violate the APA.

## COUNT FIVE

217.   The Borrowers incorporate their responses to each of the previous paragraphs as if fully set forth herein.

218.   This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegation that the Financial Responsibility Provisions are arbitrary and capricious in any way described by the plaintiff or in any other way.

219.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegation that the Financial Responsibility Provisions violate the APA.

## COUNT SIX

220.    The Borrowers incorporate their responses to each of the previous paragraphs as if fully set forth herein.

221.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegation that the Financial Responsibility Provisions violate the Due Process Clause in any way described by the plaintiff or in any other way.

222.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegation that the Financial Responsibility Provisions violate the APA.

## COUNT SEVEN

223.    The Borrowers incorporate their responses to each of the previous paragraphs as if fully set forth herein.

224.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegation the Loan Repayment Rate Provisions are not authorized under the HEA in any way described by the plaintiff or in any other way.

225.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegation that the Loan Repayment Rate Provisions violate the APA.

## COUNT EIGHT

226.    The Borrowers incorporate their responses to each of the previous paragraphs as if fully set forth herein.

227.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegation that the Loan Repayment Rate Provisions are arbitrary and capricious in any way described by the plaintiff or in any other way.

228.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegation that the Loan Repayment Rate Provisions violate the APA.

## COUNT NINE

229.    The Borrowers incorporate their responses to each of the previous paragraphs as if fully set forth herein.

230.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegation that the Loan Repayment Rate Provisions violate the First Amendment in any way described by the plaintiff or in any other way.

231.    This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegation that the Loan Repayment Rate Provisions violate the APA.

## COUNT TEN

232.    The Borrowers incorporates each of the previous paragraphs as if fully set forth herein.

233.     This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegation that the Arbitration and Class Action Provisions are not authorized by the HEA.

234.     This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegation that the Arbitration and Class Action Provisions exceed the Department's jurisdiction or authority, conflict with the FAA, or do not comport with the HEA's terms in any way described by the plaintiff or in any other way.

235.     This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegation that the Arbitration and Class Action Provisions violate the APA.

## COUNT ELEVEN

236.     The Borrowers incorporate their responses to each of the previous paragraphs as if fully set forth herein.

237.     This paragraph set forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegation that the Arbitration and Class Action Provisions are arbitrary and capricious in any way described by the plaintiff or in any other way.

238.     This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegation that the Arbitration and Class Action Provisions violate the APA.

## COUNT TWELVE

239.     The Borrowers incorporate their responses to each of the previous paragraphs as if fully set forth herein.

240.     This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegation that the Arbitration and Class Action Provisions violate the Due Process Clause in a way described by the plaintiff or in any other way.

241.     This paragraph sets forth a legal argument, to which no response is required. To the extent a response is required, the Borrowers deny the allegation that the Arbitration and Class Action Provisions violate the APA.

## PRAYER FOR RELIEF

242.     The Borrowers deny each and every prayer for relief and deny that plaintiff is entitled to any relief whatsoever.

*   *   *

243.     The Borrowers deny each and every allegation in the Complaint that was not specifically admitted or otherwise qualified.

## FIRST DEFENSE

244.     The plaintiff's complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

245.     The final regulations comply with the APA, are authorized by the HEA and other statutes on which the Department relied, are supported by the administrative record, and comply with the U.S. Constitution.

## RESERVATIONS OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

246.     The Borrowers have not knowingly or intentionally waived any applicable defenses, and they reserve the right to assert and rely upon other applicable defenses that may

become available or apparent during these proceedings. The Borrowers reserve their right to amend or seek to amend their answer and/or affirmative defenses.

WHEREFORE, the Borrowers demand judgment dismissing this action with prejudice together with an award for their costs and disbursements and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ *Scott L. Nelson*

Toby R. Merrill

Mass. BBO No. 601071

Amanda M. Savage

Mass. BBO No. 690938

Alec P. Harris

Colo. Bar No. 47547

PROJECT ON PREDATORY STUDENT LENDING,

LEGAL SERVICES CENTER OF HARVARD LAW SCHOOL

122 Boylston Street

Jamaica Plain, MA 02130

(617) 522-3003

tomerrill@law.harvard.edu

Scott L. Nelson

D.C. Bar No. 413548

Adam R. Pulver

D.C. Bar No. 1020475

 (D.D.C. admission pending)

Julie A. Murray

D.C. Bar No. 1003807

PUBLIC CITIZEN LITIGATION GROUP

1600 20th Street NW

Washington, DC 20009

(202) 588-1000

snelson@citizen.org

September 6, 2017