UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CALIFORNIA ASSOCIATION OF PRIVATE POSTSECONDARY SCHOOLS,<br><br>*Plaintiff,*<br><br>v.<br><br>ELISABETH DeVOS, Secretary, U.S. Department of Education, *et al.*,<br><br>*Defendants.* | Civil Action No. 17-999 (RDM) |

## DECLARATION OF AMERICAN CAREER COLLEGE

I, D. Scott Casanover, submit this declaration in support of the California Association of Private Postsecondary Schools ("CAPPS")'s Motion for a Preliminary Injunction. I have personal knowledge of the facts stated herein.

1. I am the General Counsel for American Career College. American Career College prepares students for careers in nursing and healthcare.
2. Our school is a member of CAPPS.
3. Our school and its students rely on Title IV loans to continue providing a high-quality education. Without Title IV loans, the school would not be able to continue operating.
4. Over 80% of our students rely on Title IV loans. They enable us to serve students who do not come from a wealthy background.
5. Our school, like many institutions, uses arbitration provisions in our enrollment agreements. These provisions provide that disputes arising from the agreement brought by either party should be resolved in arbitration conducted by the American Arbitration Association.
6. Our school uses arbitration because it is efficient at resolving disputes.

7. Our enrollment agreements provide that challenges should be brought only in an individual capacity, not as a group.
8. Our school has relied on the availability of arbitration as a means to fairly resolve disputes without the expense and time of civil litigation.
9. We would be harmed by the absence of arbitration and class action provisions in our enrollment agreements.
10. We are a relatively small school and it would be extremely burdensome to be required to litigate numerous time-intensive and funding-intensive cases in court.
11. We currently have disputes in arbitration and are not certain how we could proceed with those disputes if the Final Rule goes into effect.
12. If we cannot include arbitration provisions in our enrollment agreements, the agreements will be difficult if not impossible to amend at a future date.
13. When the arbitration and class action provisions go into effect, the resulting litigation will divert school resources from education, to the detriment of our school and its students.
14. The Department of Education's new ban on arbitration and class action waiver provisions will require changing multiple policies, procedures, current and past enrollment agreements, and future enrollment agreements. These changes will be enormously burdensome and disruptive to our educational mission.
15. This expansive change will also require a time-intensive assessment of financial impact, both to our students and our institution, before it can be implemented.
16. It will be a significant hardship to implement such sweeping changes to current, past, and future agreements.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of September, 2018 in Irvine, California.

D. Scott Casanover
General Counsel
American Career College