IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CALIFORNIA ASSOCIATION OF PRIVATE POSTSECONDARY SCHOOLS,<br><br>Plaintiff,<br><br>v.<br><br>ELISABETH DeVOS, Secretary, U.S. Department of Education, *et al.*,<br><br>Defendants. | Civil Action No. 17-999 (RDM) |

### CALIFORNIA ASSOCIATION OF PRIVATE POSTSECONDARY SCHOOLS' REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF INTERVENTION

Borrowers' initial stated ground for intervention was their desire to "file a lawsuit under the Massachusetts Consumer Protection Act against" their former school and its parent company. Mem. in Support of Mot. to Intervene 3, Dkt. No. 22 ("Borrowers' Motion"). Borrowers now acknowledge that their primary ground for seeking intervention is not a viable option in light of the bankruptcy of NEIA and EDMC.[1] Def.-Intervenors' Mem. in Opp'n to Pl.'s Mot. for Recons. of Intervention 6, Dkt. No. 71 ("Opposition"). Borrowers also now acknowledge that, in hindsight, they "should have brought this information to the Court's attention at an earlier date." Opp'n at 8 n.2.

Borrowers' acknowledgement that their initial ground for intervention is no longer viable supports CAPPS's argument that a reconsideration of the Court's Order granting Borrowers' Motion is appropriate. *See, e.g.*, *Judicial Watch v. Dep't of Army*, 466 F. Supp. 2d 112, 123

---

[1] Borrowers state (at 6) that they are "considering their legal options," but vague assertions about mulling over potential lawsuits is not enough to support intervention.

(D.D.C. 2006) (one factor supporting a motion for reconsideration is a "significant change" in the "facts [has occurred] since the submission of the issue to the court") (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.C. Cir. 2004)).

Additionally, the grounds asserted by Borrowers for intervention in the Opposition are erroneous:

- Borrowers assert that the Borrower Defense Provisions would entitle them to forbearance on their loans once the provisions took effect.  Opp'n at 8.  However, the Department already gives borrowers with pending borrower defense to repayment claims the right to choose forbearance.  *See* U.S. Dep't of Educ., *Borrower Defense to Repayment*, https://studentaid.ed.gov/sa/repay-loans/forgiveness-cancellation/borrower-defense#forbearance-stopped-collections-status (last visited Oct. 6, 2018).  Indeed, both Bauer and Del Rose have secured forbearance.  Second Declaration of Meghan Bauer ¶ 9, Dkt. No. 68-1; Second Declaration of Stephano Del Rose, ¶ 9, Dkt. No. 68-2.  Since Borrowers already have secured loan forbearance, there is no additional benefit to them in the implementation of the Borrower Defense Provisions.[2]  The Borrowers' declarations further establish that the Department's forbearance of their debts will be in place until at least April 2019, Bauer Decl. ¶ 9; Del Rose Decl. ¶ 9 – still another new development since this Court's decision and a further indication that Borrowers' attempted justifications are speculative and remote.

---

[2] It is not clear from Borrowers' submissions when Bauer received forbearance.  At the time of this Court's previous consideration, it was understood that Bauer had not yet received forbearance.  *See Bauer v. DeVos*, No 17-1330, 20-21 (D.D.C. Sept. 12, 2018) (forbearance is "a status that Bauer has not yet been able to obtain").  That new development also supports reconsideration.

- Borrowers also suggest that that they have an interest in the group process for borrower defense claims. This too is erroneous. First, Borrowers' suggestions that they have a valid group claim are vague and uncertain. *See, e.g.*, Bauer Decl. ¶¶ 12-13. Second, under the Borrower Defense Provisions, the *Secretary*, in her discretion, initiates group claims, not the borrowers. *See* 34 C.F.R. § 685.222(f) (proposed). As such, Borrowers do not have the benefit of group process by right. Third, and most fundamentally, even if Borrowers could show that the Secretary would exercise her discretion and initiate a group claim allowing others to participate, it would not benefit Borrowers. Borrowers are two individuals who have already submitted borrower defense claims; they are not class representatives. As such, there would be no additional benefit to Borrowers from being placed in a group process. Because Borrowers have not shown that they would benefit from a group process, their asserted interest cannot support intervention.

- Borrowers continue to rely on a non-severability argument allegedly made by CAPPS as a basis for them to address all four of the challenged provisions in their intervention. As CAPPS has explained, however, CAPPS has not made, and is not making, an argument that the provisions of the 2016 Rule are non-severable. *See* CAPPS Mot. for Recons. of Intervention, 8-9, Dkt. No. 64 ("CAPPS Mot."). Whatever the point that Borrowers now are trying to make regarding non-severability (after initially urging non-severability in order to allow them to enlarge their arbitration-and-class-action ground based on their desire to litigate, a ground which they now concede is not feasible), it cannot rest on a position that CAPPS has not taken.

- Finally, Borrowers' conclusory request for permissive intervention (at 12) does not address the arguments against permissive intervention made by CAPPS. As CAPPS previously explained, Borrowers' request for permissive intervention is not well-founded. *See* CAPPS Mot. at 11-12.

For the foregoing reasons, CAPPS respectfully requests that the Court grant its motion for reconsideration of the September 14, 2018 Order granting Borrowers' Motion and vacate Borrowers' intervention.

Dated: October 8, 2018

Respectfully submitted,

/s/ Clifford M. Sloan

BORIS BERSHTEYN
SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP
4 Times Square
New York, NY 10036
T: 212/735-3834

CLIFFORD M. SLOAN, DC Bar No. 417339
SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP
1440 New York Avenue, NW
Washington, DC 20005
T: 202/371-7000
F: 202/661-8340
Email: cliff.sloan@skadden.com

GREGORY BAILEY
SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP
155 N Upper Wacker Dr. #2700
Chicago, IL 60606
T: 312/407-0739
F: 312/407-8604

ROBERT L. SHAPIRO, DC Bar No. 415854
DUANE MORRIS LLP
505 Ninth Street, NW
Washington, DC 20004
T: 202/776-7867
F: 202/330-5290

*Attorneys for CAPPS*