IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CALIFORNIA ASSOCIATION OF PRIVATE POSTSECONDARY SCHOOLS,<br><br>                    Plaintiff,<br><br>v.<br><br>ELISABETH DeVOS, Secretary, U.S. Department of Education, *et al.*,<br><br>                    Defendants. | Civil Action No. 17-999 (RDM) |

## CALIFORNIA ASSOCIATION OF PRIVATE POSTSECONDARY SCHOOLS' MOTION FOR LEAVE TO AMEND THE COMPLAINT

Plaintiff California Association of Private Postsecondary Schools ("CAPPS") hereby moves for leave to amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Pursuant to Local Rules 7(i) and 15.1 and the Court's Standing Order in Civil Cases, paragraph 7, a copy of the proposed Amended Complaint, along with a redline comparison between the Amended Complaint and the original Complaint, are attached to this Motion. A proposed order also is attached, pursuant to Local Rule 7(c).

### BACKGROUND

CAPPS's complaint, filed on May 24, 2017, challenged four aspects of the Department of Education's November 2016 rule, 81 Fed. Reg. 75,926 (Nov. 1, 2016): (1) the Borrower Defense Provisions (Counts 1-3); (2) the Financial Responsibility Provisions (Counts 4-6); (3) the Repayment Rate Provision (Counts 7-9), and (4) the Arbitration and Class Action Waiver Ban (Counts 10-12).

On October 16, 2018, the Court denied CAPPS's Renewed Motion for Preliminary Injunction. *See* Mem. Op. & Order 4 (Oct. 16, 2018), Dkt. 76. With respect to three of the four

regulatory initiatives challenged by CAPPS—the Borrower Defense Provisions, the Financial Responsibility Provisions, and the Repayment Rate Provision—the Court held that CAPPS had failed to demonstrate standing, and also had failed to establish irreparable harm. *Id.* at 21, 27, 32. With respect to the Arbitration and Class Action Waiver Ban, the Court held that CAPPS had established standing, but that CAPPS had failed to establish irreparable harm. *Id.* at 13, 18-19.

The proposed amendment deletes the claims for which the Court found that CAPPS lacks standing. It also deletes, in the interest of streamlining the issues for resolution, one of the several grounds for challenging the Arbitration and Class Action Waiver Ban and the request for injunctive relief.

## ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) provides that, after the time has elapsed for a party to amend its pleading as a matter of course, *see* Fed. R. Civ. P. 15(a)(1), the party may amend its pleading with leave of court. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." *Id.* Although the decision whether to grant leave to amend is within the district court's discretion, a court should grant leave to amend absent a sufficient reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party" by allowing the amendment, and "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Djourabchi v. Self*, 240 F.R.D. 5, 13 (D.D.C. 2006) (stating that leave to amend "is appropriate" absent the reasons listed in *Foman*).

Here, CAPPS seeks leave to amend its Complaint to remove the claims for which the Court concluded CAPPS failed to establish standing—the Borrower Defense Provisions, the

Financial Responsibility Provisions, and the Repayment Rate Provision.  To narrow the issues for resolution, CAPPS also seeks to remove its due process challenge to the Arbitration and Class Action Waiver provision, as well as its request for injunctive relief.

CAPPS respectfully requests that the Court grant the motion for leave to amend.  None of the reasons discussed in *Foman* is present here: CAPPS seeks leave to amend in good faith; did not unduly delay or act with dilatory motive; and did not fail repeatedly to cure deficiencies in its pleadings.  *See Foman*, 371 U.S. at 182.  Additionally, the Department of Education and the Borrower-Intervenors will not suffer prejudice by an amendment of the Complaint.  (Nor will the State *amici*).  The amendment, moreover, will not be futile.  The amendment will remove legal challenges on which the Court has found that CAPPS lacks standing, and it will clarify the issues on the remaining claims.  Granting CAPPS's Motion furthers the interest of judicial economy and will facilitate a more efficient resolution of the case.  *See* Fed. R. Civ. P. 1.[1]

CAPPS's concurrently-filed Motion and Memorandum in Support of Summary Judgment addresses CAPPS's challenge to the Arbitration and Class Action Waiver Ban—a provision that, in CAPPS' view (and as set forth in the Motion and Memorandum), is unlawful for numerous reasons.  Accordingly, CAPPS respectfully requests that, if the Court grants CAPPS's Motion for Leave to Amend the Complaint, the previously-filed pleadings and CAPPS's Motion and Memorandum in Support of Summary Judgment be applied to the Amended Complaint, in order to avoid further delays that might be accompanied by the filing of a new Answer or new summary judgment briefing.  CAPPS further respectfully requests that the Amended Complaint

---

[1] A party also may amend its pleading with the opposing party's written consent. Fed. R. Civ. P. 15(a)(2). The Department has consented to CAPPS's Motion to Amend the Complaint. The Borrower-Intervenors (with regard to whom a motion to reconsider their intervention is pending) have declined to consent to CAPPS's Motion. The State *amici* have not responded to CAPPS's inquiry regarding consent.

relate back to the date of the original Complaint for purposes of Federal Rule of Civil Procedure 15(c)(1).

## CONCLUSION

For the foregoing reasons, CAPPS respectfully requests that the Court grant CAPPS's Motion for Leave to Amend the Complaint.

Dated:  December 28, 2018                                    Respectfully submitted,

/s/ Clifford M. Sloan

BORIS BERSHTEYN                                              CLIFFORD M. SLOAN, DC Bar No. 417339
SKADDEN, ARPS, SLATE, MEAGHER                                SYLVIA O. TSAKOS, DC Bar No. 888273394
    & FLOM LLP                                               SKADDEN, ARPS, SLATE, MEAGHER
4 Times Square                                                   & FLOM LLP
New York, NY 10036                                           1440 New York Avenue, NW
T: 212/735-3834                                              Washington, DC 20005
                                                             T: 202/371-7000
                                                             F: 202/661-8340
                                                             Email: cliff.sloan@skadden.com

GREGORY BAILEY                                               ROBERT L. SHAPIRO, DC Bar No. 415854
SKADDEN, ARPS, SLATE, MEAGHER                                DUANE MORRIS LLP
    & FLOM LLP                                               505 Ninth Street, NW
155 N Upper Wacker Dr. #2700                                 Washington, DC 20004
Chicago, IL 60606                                            T: 202/776-7867
T: 312/407-0739                                              F: 202/330-5290
F: 312/407-8604

*Attorneys for CAPPS*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion for Leave to Amend the Complaint was filed electronically with the Clerk of the Court on December 28, 2018, using the CM/EMF system, which will send notification of such filing to all counsel of record.

/s/ Clifford M. Sloan
Clifford M. Sloan