IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CALIFORNIA ASSOCIATION OF PRIVATE POSTSECONDARY SCHOOLS,<br><br>Plaintiff,<br><br>v.<br><br>ELISABETH DeVOS, Secretary, U.S. Department of Education, *et al.*,<br><br>Defendants. | Civil Action No. 17-999 (RDM) |

**CALIFORNIA ASSOCIATION OF PRIVATE POSTSECONDARY SCHOOLS'
REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND THE COMPLAINT**

As CAPPS explained in its motion to amend the complaint, CAPPS seeks to remove several claims for which this Court found that CAPPS had failed to establish standing (Counts 1 to 9). CAPPS's Mot. for Leave to Amend the Compl., Dkt. No. 82 ("CAPPS's Motion"). While continuing to challenge the Arbitration and Class Action Waiver Provision on various grounds (Counts 10 to 11), CAPPS also seeks to remove a constitutional challenge to the Arbitration Provision (Count 12) in order to streamline the issues before the Court.

The Defendants have consented to CAPPS's Motion, and the Borrower-Intervenors now have consented to CAPPS's Motion regarding Counts 1 to 9, provided that CAPPS stipulates to dismissal of those Counts on the basis of lack of standing. CAPPS agrees to that stipulation, which, if approved, resolves CAPPS's Motion as to all but one count. With regard to that lone count (Count 12 - the constitutional challenge to the arbitration provision), CAPPS respectfully submits that its motion should be granted without being conditioned on a dismissal with prejudice. In addition, the State amici ask that CAPPS's Motion regarding Counts 1 to 9, as well

as Count 12, be conditioned on a dismissal of those counts with prejudice. CAPPS respectfully submits that the State amici's suggested condition would be unwarranted and inappropriate. The motion to amend the complaint should be granted, with the stipulation of dismissal on standing grounds for Counts 1 to 9, and the litigation should proceed to orderly resolution of the remaining claims.

CAPPS will briefly address the salient points. **First,** it is appropriate to grant the amendment based on a stipulation to dismiss for lack of standing. At Borrower-Intervenors' suggestion, CAPPS will stipulate that, based on the findings and conclusions set forth in the Court's October 16, 2018 Opinion, it has not established Article III standing with respect to Counts 1 to 9. As such, it is appropriate to grant CAPPS's leave to amend the complaint on the stipulation that these nine claims are dismissed for a lack of standing. *See Nat'l Ass'n of Home Builders v. E.P.A.*, 786 F.3d 34, 41 (D.C. Cir. 2015) (noting that "a jurisdictional dismissal [such as standing] does not involve 'an adjudication on the merits'") (quoting *Cutler v. Hayes*, 818 F.2d 879, 888 (D.C. Cir. 1987))**.**[1]

**Second**, with regard to Count 12 (the constitutional challenge to the arbitration provision), the motion to amend should be granted without conditioning amendment on dismissal with prejudice. Motion for leave to amend should "be freely given" by courts and Rule 15(a) is

---

[1] Because CAPPS has agreed to stipulate that it has not established standing, the Borrower-Intervenors' other suggested alternative – that an amendment be conditioned on requiring that future claims be brought in "this action" – is moot. In any event, such a condition would be novel, unwarranted, and erroneous. The sole case that Borrowers rely on for this request is an out-of-Circuit district court opinion that merely notes that a district court has the authority to require a plaintiff to re-file in a particular district, but that the district court at issue had chosen not to do so; it contains no analysis of when such a condition might be appropriate and no discussion of requiring a plaintiff to file a subsequent claim "in this action." *Ashley Furniture Indus., Inc. v. Am. Signature, Inc.*, 2012 WL 1031411, at *3 (S.D. Ohio Mar. 27, 2012). There is no basis for such a condition here, whatever it means.

to be "construed liberally." *See Belizan v. Hershon*, 434 F.3d 579, 582 (D.C. Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, it is in the interest of justice to grant CAPPS's Motion to amend regarding this count. CAPPS seeks to remove one of numerous challenges to the Arbitration and Class Action Waiver Provision to clarify the issues and resolve this litigation without the need to expend unnecessary judicial (and litigation) resources. Further, neither Borrowers nor State amici will be unfairly prejudiced by granting CAPPS's amendment to remove this Count as there has been no adjudication on the merits and there would be no additional need to defend against this Count. *See Smith v. Ergo Solutions, LLC*, 2016 WL 11018580, *2 (D.D.C. Apr. 6, 2012) ("Defendants . . . will not be prejudiced by the deletion of these claims in one important sense: they will no longer have to defend against them.") (citing *Boyce v. Augusta-Richmond Cty.*, 111 F. Supp. 2d 1363, 1376 (S.D. Ga. 2000)).

**Third**, the State amici's position – that the removal of all counts should be conditioned on dismissal with prejudice – falls far short of establishing that such a condition would be appropriate. At the outset, since the basis for the removal of Counts 1 to 9 is that CAPPS has not established standing, the amendment of the complaint should not be conditioned on dismissal with prejudice. *See, e.g.*, *Albulhawa v. U.S. Dep't of Treas.*, 239 F. Supp. 3d 24 n. 4 (D.D.C. 2017) (Moss, J.) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 84 (1998)); *see also Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175 (4th Cir. 2013) ("[D]ismissal for lack of standing . . . must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits."). Additionally, State amici have

failed to show that they would be unduly prejudiced by CAPPS's amendment and that the Court thus should jettison Rule 15(a)'s "generous standard." *See Gilliard v. Gruenberg*, 302 F. Supp. 3d 257, 271 (D.D.C. 2018) (describing Rule 15(a) as a "[g]enerous standard"). As noted above, there has been no adjudication on the merits on any of these claims, and State amici would no longer have to defend against them. *See Smith*, 2016 WL 11018580 at *2.[2]

## CONCLUSION

For the forgoing reasons, CAPPS respectfully requests that the Court grant CAPPS's Motion for Leave to Amend the Complaint.

---

[2] The only case cited by State amici to support their position is inapposite. In *Barnes v. District of Columbia*, 42 F. Supp. 3d 111 (D.D.C. 2014), plaintiff failed to respond to a Rule 12(b)(6) motion to dismiss and then filed a motion to amend under Rule 15(a) more than a month after the deadline to respond had passed. The court noted that it could have conditioned the amendment as dismissal with prejudice, but actually dismissed the claims at issue under Rule 12(b)(6) for failing to respond to the motion to dismiss. *Id.* at 119. There has been no motion to dismiss in this case and CAPPS has not missed any deadlines.

Dated:  January 17, 2019                             Respectfully submitted,

/s/ Clifford M. Sloan

BORIS BERSHTEYN                                      CLIFFORD M. SLOAN, DC Bar No. 417339
SKADDEN, ARPS, SLATE, MEAGHER                        SYLVIA O. TSAKOS, DC Bar No. 888273394
    & FLOM LLP                   SKADDEN, ARPS, SLATE, MEAGHER
4 Times Square                                           & FLOM LLP
New York, NY 10036                                   1440 New York Avenue, NW
T: 212/735-3834                                      Washington, DC 20005
                                                     T: 202/371-7000
                                                     F: 202/661-8340
                                                     Email: cliff.sloan@skadden.com

GREGORY BAILEY                                       ROBERT L. SHAPIRO, DC Bar No. 415854
SKADDEN, ARPS, SLATE, MEAGHER                        DUANE MORRIS LLP
    & FLOM LLP                   505 Ninth Street, NW
155 N Upper Wacker Dr. #2700                         Washington, DC 20004
Chicago, IL 60606                                    T: 202/776-7867
T: 312/407-0739                                      F: 202/330-5290
F: 312/407-8604

*Attorneys for CAPPS*

## CERTIFICATE OF SERVICE

I hereby certify that the forgoing Reply in Support of CAPPS's Motion for Leave to Amend the Complaint was filed electronically with the Clerk of Court on January 17, 2019, using the CM/EMF system, which will send notification of such filing to all counsel of record.

/s/ Clifford M. Sloan<br>
Clifford M. Sloan